UNITED STATES, Appellee

v

STEPHEN F. BRUNS, Private, U. S. Army, Appellant

19 USCMA 501, 42 CMR 103

No. 22,906

June 19, 1970

Colonel Daniel T. Ghent, Captain Bernard J. Casey, and Captain Robert B. Harrison, III, were on the pleadings for Appellant, Accused.

Colonel David T. Bryant, Major Edwin P. Wasinger, Captain William R. Steinmetz, and Captain Benjamin G. Porter were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

For the reasons stated in United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970), use of a record of Article 15 punishment in the post-finding portion of appellant's trial was erroneous. The error was not prejudicial, however. Bruns testified in mitigation and explained the reasons for his misconduct—twice failing to go to his appointed place of duty and two brief unauthorized absences. Because of the appellant's candor and apparent honesty the military judge recommended suspension of both the punitive discharge and the confinement period. The convening authority later acted favorably on the military judge's recommendation. Consequently, any harm arising from the admission of such evidence appears to have been neutralized.

This case also has an issue regarding the military judge's inquiry into the appellant's decision to be tried by a mil-

itary judge alone. The record reflects that Burns signed a re quest to be tried in this way and that at trial the military judge inquired about the appellant's choice. At that time the military judge showed the request to the appellant, who, in response to the former's questioning, acknowledged that he had signed the document, that he had talked with trial defense counsel at length about it, that he was aware he had a right to be tried by a panel of officers and of his right to have one-third of the membership composed of enlisted men, that he had no questions about his rights, that he was waiving trial by jury, and that he still wished to be tried by the military judge alone.

We are satisfied that the results of this inquiry reflect an informed, voluntary choice by the appellant for trial by a military judge.

The decision of the Court of Military Review is therefore affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with my brothers that this record reflects an informed, voluntary choice by the appellant for trial by a military judge alone. However, I disagree with their holding that the accused was not harmed by the use of a record of Article 15 punishment in the post-finding portion of the trial for the reasons set forth in my separate opinion in United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970).