UNITED STATES, Appellee

v

PAUL EDWARD JENKINS, Seaman, U. S. Navy, Appellant

20 USCMA 112, 42 CMR 304

No. 23,015

November 6, 1970*

*Commander E. M. Fulton, Jr.*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, and *Lieutenant Thomas J. Donegan, Jr.*, JAGC, USNR, were on the pleadings for Appellee, United States.

---

* Also decided and affirmed this date on the same point were United States v McCoy, No. 23,034; United States v Thurman, No. 23,054; United States v DeYoung, No. 23,165; United States v Nava, No. 23,185; United States v Simmons, No. 23,201; United States v Hearn, No. 23,202; United States v Johnson, No. 23,221; United States v Williams, No. 23,243; United States v Thomas, No. 23,259; United States v Sykes, No. 23,271; United States v Kirby, No. 23,275; United States v Ferreura, No. 23,297; United States v LeJeune, No. 23,317; and United States v Sauer, No. 23,435. Judge Ferguson dissents to the affirmance of these cases.

DARDEN, Judge:

Article 16, Uniform Code of Military Justice, 10 USC § 816, provides in pertinent part that a general court-martial may consist of only a military judge:

". . . [I]f before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves. . . ."

Paragraph 53d(2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition), re- █ quires that if trial by military judge alone is requested the military judge should assure himself at trial that the request was understandingly made. "Should," as used in the Manual paragraph cited above, we construe to express an obligation. Cf. State v La Porte, 58 Wash 2d 816, 365 P2d 24 (1961); State v Bruton, 383 SW2d 525 (Mo)(1964); Williams v Kaestner, 332 SW2d 21 (Mo)(1960); Fegan v Lykes Bros. S. S. Co., 198 La 312, 3 So 2d 632 (1941); Town of Edgewater v Liebhardt, 32 Colo 307, 76 Pac 366 (1904).

In this case the appellant submitted a request for trial by military judge alone, and it was approved. Then, pursuant to a plea of guilty, the appellant was found guilty of larceny, as charged, and sentenced by the military judge to a bad-conduct discharge, total forfeitures, confinement at hard labor for nine months, and reduction to the pay grade of E-1. After appellate review, the findings and sentence remain unchanged.

Compliance with the requirements of paragraph 53 d(2)(b), Manual, supra, is questioned in this instance since the record reveals only the military judge's assertion that Jenkins's request to be tried by military judge alone had been submitted and approved.

This issue is not constitutional in nature. Under the Fifth and Sixth Amendments to the Constitution, members of the armed forces do not have the right to indictment by grand jury and trial by petit jury for a capital or infamous crime. See Ex parte Milligan, 4 Wall 2 (U. S. 1866); Ex parte Quirin, 317 US 1, 87 L Ed 3, 63 S Ct 2 (1942); United States v Crawford, 15 USCMA 31, 35 CMR 3 (1964). Provisions for trial of members of the armed forces by a court and for waiver of such trial are both statutory. Article 16, Code, supra.

Attached to the record of trial is the following request:

"To: Trial Counsel
"United States of America
v.
SN PAUL E. JENKINS, USN
138 23 83
Request for Trial Before Military Judge Alone (Art. 16, UCMJ)

"I have been informed that CAPTAIN JOHN P. GLEESON, JAGC, USN is the military judge detailed to the court-martial to which the charges and specifications pending against me have been referred for trial. After consulting with my defense counsel, I hereby request that the court be composed of the military judge alone. I make this request with full knowledge of my right to be tried by a court-martial composed of (commissioned) officers (and enlisted personnel).

31 October, 1969.
(Dated)
/s/ Paul E. Jenkins
PAUL E. JENKINS
Accused

"Prior to the signing of the foregoing request, I advised fully the above accused of his right to trial before a court-martial composed of (commissioned) officers (and of his right to have such court consist of at least one-third enlisted

members not of his unit upon his request).

31 October, 1969.
(Dated)

/s/ D. A. Stewart
D. A. STEWART
Defense Counsel

"Argument is (not) requested.

/s/ P. C. Turner
P. C. TURNER
Trial Counsel

"I approve (~~disapprove~~) the foregoing request for trial before me alone.

31 October, 1969.
(Dated)

/s/ John P. Gleeson
JOHN P. GLEESON
Military Judge."

It is this document that is the basis for appellant's waiver of his statutory ▪ right to be tried by members of a court. The absence of appellant's objection to the military judge's not assuring himself the request was understandingly made is but a waiver of such assurance by the judge, not a waiver of the basic right itself.

Our attention has been called to the procedure prescribed by the United States Army for implementing paragraph 53 of the Manual, supra. This procedure, which is outlined in Judge Advocate Legal Service, August 28, 1969, pamphlet 27–69–21, pages 18–20, involves a recommendation that the military judge conduct an inquiry of the following type before the court is assembled:

"MJ: (To Defense Counsel) Have you discussed fully with the accused (his right to and) the implications of trial by a military judge alone?

"DC: _____.

"MJ: Have you delineated for him the differences between a court-martial with members and one composed of a military judge alone?

"DC: _____.

"MJ: (To Accused) Have you discussed the (right to and) meaning of trial by a military judge only with your counsel?

"ACCUSED: _____.

"MJ: Are you satisfied that you understand what it means?

"ACCUSED: _____.

"MJ: Do you have any questions about what you discussed with your defense counsel?

"ACCUSED: _____.

"MJ: Do you understand that you may be tried by a court consisting of at least (five) (three) officers (or request to be tried before a military judge alone)?

"ACCUSED: _____.

"MJ: Has it been explained to you that at your request at least one-third of a court consisting of members will be enlisted men?

"ACCUSED: _____.

"MJ: Do you realize that in a trial before members, two-thirds of the members, voting by secret written ballot, must concur in all findings of guilty?

"ACCUSED: _____.

"MJ: Do you also understand that (two-thirds) (or) (three-fourths) of the members, voting by secret written ballot, must concur in a sentence should you be found guilty?

"ACCUSED: _____.

"MJ: Now, in a trial before me alone, do you understand that I alone will determine your guilt or innocence?

"ACCUSED: _____.

"MJ: Do you also understand that I alone will sentence you should you be found guilty?

"ACCUSED: _____.

"MJ: Knowing and understanding the difference between trial before members and trial before me, as explained by your defense counsel and me, do you wish to be tried before me alone?

"ACCUSED: _____.

"MJ: Very well, (the request is (approved) (disapproved) (and the court is assembled.)) (the court is assembled.)"

Without intimating an opinion on whether paragraph 53d(2)(b) of the Manual requires that the ▌ military judge elicit from the accused personally a reassurance the latter's request was understandingly made, it appears that compliance with the procedure recommended by the United States Army would abundantly satisfy the requirement of the Manual provision in question.

In this case the appellant was represented at trial by both civilian and appointed military counsel. ▌ Neither questioned the military judge's announcement of the request or his approval of it. The request itself reflects the appellant's awareness of its consequences. From the beginning of trial to the filing of a petition in this Court the appellant has not complained that he misunderstood the significance of his request for trial before a military judge alone, and he has not indicated he would elect trial by members of a court if the case were reversed. Error of the kind the military judge committed here should be asserted before the case has reached this Court. The absence of such a complaint indicates a waiver. United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969).

Even if the error were not waived, to justify a reversal we would be required to determine that the substantial rights of the appellant had been prejudiced. Article 59(a), Uniform Code of Military Justice, 10 USC § 859. That an otherwise unassailable Manual provision has the force and effect of law is irrefragable. But this does not mean that the Manual provision is thereby elevated to a plane above Article 59(a), supra. In this instance the appellant was not prejudiced by the military judge's failure to inquire regarding the appellant's request. One indication of this is that the sentence by the military judge was less severe than the one the appellant proposed in a pretrial agreement. Accordingly, the decision of the United States Navy Court of Military Review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

By virtue of the passage of the Military Justice Act of 1968, an accused serviceman may now be tried, in either a general or special court-martial, by a military judge alone. Article 16, Uniform Code of Military Justice, 10 USC § 816. The new codal provision is modeled after Rule 23(a), Federal Rules of Criminal Procedure, but with one important difference. Unlike the civilian rule, in the military the Government does not have to consent to a waiver by the accused of his right to be tried by a jury—only the approval of the military judge is required. Elimination of the Government from this process was believed necessary by the lawmakers because "The command structure in the military presents a possibility of undue prejudicial command influence that is not present in civilian life." 3 United States Code Congressional and Administrative News 4501, 4504, 4505 (1968).

Article 16, Code, supra, provides that an accused may be tried by military judge alone if, before the court is assembled, the accused, knowing the identity of the military judge, and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves the request. A form to be utilized for this purpose is set forth in Appendix 8e, Manual for Courts-Martial, United States, 1969 (Revised edition).

Paragraph 53d(2)(b), Manual, supra, provides in part:

". . . If the accused has requested trial by the military judge alone and the military judge has approved the request prior to the start of trial, *he should assure himself at the trial, before announcing*

*that the court has assembled, that the request was understandingly made by the accused."* [Emphasis supplied.]

In the case at bar, the record reflects the following:

"MJ: The accused has submitted a request in writing for trial before military judge alone. This request has been approved.

"All persons required to be sworn having been sworn, this court is now assembled."

It is at once clear that the military judge failed to "assure himself at the trial . . . that the request was understandingly made by the accused." Since this provision of the Manual has the force of law (United States v Smith, 13 USCMA 105, 32 CMR 105 (1962)), his failure to make the prescribed inquiry and determination was error. United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969). The only question remaining is whether the error was prejudicial. I believe that it was. United States v Johnson, supra. Cf. United States v Bruns, 19 USCMA 501, 42 CMR 103 (1970).

Trial by military judge alone is, in reality, a waiver of the military counterpart, secured by statute (Article 16, Code, supra) of the constitutional right to trial by a jury of one's peers. The question before us is, then, in my opinion, of constitutional proportions. Because of the substantial nature of this right, the President, pursuant to the authority granted him by Congress (Article 36, Code, supra, 10 USC § 836), has placed upon the military judge *alone* the responsibility for personally determining that the waiver was "understandingly" made. This determination must be made and reflected *in the record of trial*. Where, as here, the record is silent, appellate authorities are precluded from discharging their proper functions of review.

The Government contends that the presence in this record of the signed, written request for trial before military judge alone is sufficient to constitute a waiver of the right to trial by court

members and cites Federal cases, interpreting Federal Rule 23(a), which have so held. The short answer to that contention is that the Federal Rules do not contain a requirement that the Federal judge determine the request was understandingly made. As the court stated in United States v Hunt, 413 F2d 983, 984 (CA 4th Cir) (1969):

"Neither Rule 23(a) nor any decision to which we have been referred required the omitted interrogation."

The importance of the accused's understanding of his right to a jury trial and his free and voluntary relinquishment of that right was acknowledged in *Hunt* when the court said that the better practice would be for the district judge to personally interrogate the defendants on the matter. The substantial nature thereof was established when the court declared, at page 984:

". . . if defendants, or either of them, were not aware of their rights or, knowing them, did not freely and voluntarily relinquish them, the matter may be subsequently raised by motion under 28 USCA, § 2255 [Habeas Corpus—Federal custody]."

See also United States v Straite, 425 F2d 594, 595, 596 (CA DC Cir) (1970), where the court, in making a similar finding, referred the attention of the district court to "the recommendation by the American Bar Association Project on Minimum Standards for Criminal Justice (Trial by Jury, Part I, Section 1.2(b)) that the defendant shall be 'advised by the court of his right to trial by jury' as an essential element of the waiver procedure."

Like the Government, my brothers hold that the accused in this case waived the error. Unlike the Government, however, they do not base their holding on Federal cases but on the decision by this Court in United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969). In *Donohew*, we did indeed hold that, absent any subsequent complaint by the accused and by his silence at trial, when the appointed defense counsel stated that he alone would con-

**117**

duct the defense, the accused waived his entitlement to the presence and services of the other members of the defense team, as provided in Article 38(b) of the Code. We found, from an examination of the record, that the advice given the accused by his defense counsel minimally complied with the requirements of the Code. The Manual, unlike the situation in the case at bar, did not place any additional burden on anyone in this regard. For that reason, and because the right to the advice and assistance of counsel is such a valuable one, we unanimously declared in *Donohew*, at page 152:

"We believe the seriousness of the situation dictates that the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his *understanding* of his entitlement thereunder.

"*Accordingly, the record in each special or general court-martial convened more than thirty days after the date of this opinion should refect this requirement has been met.* United States v Rinehart, 8 USCMA 402, 24 CMR 212 [1957]. *In taking such action, we intend no reflection on the ability of certified counsel, but conclude that a full statement on the record eliminates uncertainty on appeal and makes it clear to all concerned that the accused has received proper advice.*" [Emphasis partially supplied.]

Subsequently, in United States v Fortier, 19 USCMA 149, 41 CMR 149 (1969), a majority of this Court reversed that accused's conviction and remanded the case for a new trial because the president of the special court-martial failed to comply with the specific requirements of *Donohew*. The Chief Judge would have affirmed the conviction in *Fortier* because, unlike *Donohew*, Fortier was represented by certified counsel and personally represented to the president that she was satisfied with her lawyer.

The fact that the accused was represented at trial by certified counsel, who

did not question the procedure in this case, or that the accused has not to date complained of the error or indicated that he would elect trial by members of a court if the case were reversed, does not preclude consideration of the error at this level. As the late Judge Kilday wrote in United States v Culp, 14 USCMA 199, 203, 33 CMR 411 (1963):

"From its beginning, this Court has examined the records of cases coming before it including, in addition to the record of trial, all proceedings had in the case prior to trial and throughout appellate review. . . . We have never hesitated to reverse convictions, even though the error be not assigned before us, for any prejudicial action appearing therein . . . [extensive citations omitted]."

See also United States v Gallagher, 15 USCMA 391, 35 CMR 363 (1965). Many of the cases granted by this Court involved issues raised by the Court in its *de novo* review of the record.

The comparison between the right to the services of all assigned counsel (Article 38(b), Code, supra; United States v Donohew and United States v Fortier, both supra) and the right to trial by a court-martial composed of members (Article 16, Code, supra, 10 USC § 816; paragraph 53*d*(2)(*b*), Manual, supra) is obvious. Both have roots in the Constitution and both are secured by statutes enacted by the Congress under the constitutional authority to "make Rules for the Government and Regulation of the land and naval Forces." Article I, section 8, clause 14, Constitution of the United States. Unless United States v Fortier, supra, is to be summarily overruled, it should be controlling in this case.

It avails little to contend, as do my brothers, that "The absence of appellant's objection to the military judge's not assuring himself the request was understandingly made is but a waiver of such assurance by the judge, not a waiver of the basic right itself."

The obligation to make appropriate inquiry was placed upon the military judge alone by the President and not on the accused or his counsel. The judge's failure to carry out his lawful duties can hardly be attributed to a silent accused. Paragraph 39b, Manual, supra; United States v Fortier, supra. See, generally, Tedrow, Digest, Annotated and Digested Opinions, United States Court of Military Appeals, Law Officer, page 621, et seq.

Inasmuch as the President, in the interest of justice, established that this inquiry be made, in addition to the submission by the accused of a written request (Appendix 8e, Manual, supra) and its acceptance by the military judge, as essential to the implementation of Article 16, we should accord it no less importance. United States v Fortier, supra; United States v Boland, 20 USCMA 83, 42 CMR 275 (1970). He obviously believed it to be a better rule for the military. See United States v Smith, supra, at page 120.

The majority also believe that even if the error were not waived, the substantial rights of the accused were not prejudiced; that to so hold would be to elevate the Manual provision (paragraph 53d(2)(b)) to a plane above Article 59(a), Code, supra. It is not a question of elevating the Manual above the Code, but rather a determination of whether the error is of such nature as to come within the purview of Article 59(a), which provides:

"A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."

For the reasons set forth above, I believe that the error materially prejudiced the substantial rights of the accused. United States v Fortier, United States v Boland, both supra. See also United States v Hunt, supra. Receipt of a sentence less than that proposed in the pretrial agreement does not, in my opinion, palliate the prejudice. Cf. United States v Turner, 16 USCMA 80, 36 CMR 236 (1966).

I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.