## UNITED STATES

v.

**Isiah RANSOME, Jr., 250 96 2491, Private First Class (E–2), U. S. Marine Corps.**

**NCM 76 1271.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 Jan. 1976.

Decided 25 Aug. 1976.

LT Lawrence S. Smith, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and MURRAY and GLASGOW, JJ.

CEDARBURG, Chief Judge:

Appellant was tried by special court-martial military judge. He entered mixed pleas. As the case reaches us, appellant stands convicted of numerous offenses sounding in unauthorized absence, disrespect, disobedience and assault alleged as violations of Articles 86, 89, 91 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 889, 891, 892. The sentence of the military judge to a bad conduct discharge, confinement at hard labor for 5 months, forfeiture of $240 pay per month for 5 months and reduction to pay grade E–1 was approved by the convening and supervisory authorities without change. Subsequently, the supervisory authority, based on a recommendation of the convening authority, suspended unexecuted portions of the sentence to confinement at hard labor and forfeiture. However, that suspension was vacated for misconduct, after hearing pursuant to Article 72, UCMJ and Paragraph 97*b*, MCM 1969 (Rev.).

Appellate defense counsel assigns the following as error:

I. THE MILITARY JUDGE PREJUDICIALLY ERRED BY MISADVISING THE APPELLANT AS TO THE COMPOSITION OF THE COURT DURING THE INQUIRY INTO HIS REQUEST FOR MILITARY JUDGE ALONE (R. 4; SJAR 23). PARAGRAPH 53d(2)(b) and (c), MANUAL FOR COURTS–MARTIAL, UNITED STATES, 1969 (REV.ED.)

II. SPECIFICATION 1 OF ADDITIONAL CHARGE III IS FATALLY DEFICIENT AS IT FAILS TO ALLEGE THAT KEYS WAS THE APPELLANT'S SUPERIOR NON-COMMISSIONED OFFICER, SAMPLE SPECIFICATION # 24, APPENDIX 6c, MANUAL FOR COURTS–MARTIAL, UNITED STATES, 1969 (REV.ED.).

III. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION OF SPECIFICATION 7 OF ADDITIONAL

CHARGE III AS THE ALLEGED VICTIM, ADAMSON, DID NOT BELIEVE APPELLANT'S LANGUAGE WAS DIRECTED TOWARDS HIM (R. 54, 56, 57).

IV. THE TRIAL COUNSEL PREJUDICIALLY ERRED BY CALLING FOUR WITNESSES IN AGGRAVATION, PRIOR TO THE DEFENSE'S CASE ON EXTENUATION AND MITIGATION. SUCH EVIDENCE WOULD ONLY HAVE BEEN ADMISSIBLE ON REBUTTAL, IF AT ALL. PARAGRAPH 75 b, d, e, MANUAL FOR COURTS–MARTIAL, UNITED STATES, 1969 (REV.ED.).

V. THE STAFF JUDGE ADVOCATE'S REVIEW WAS PREJUDICIALLY MISLEADING WHERE THE REVIEWER STATED MERELY THAT THE VARIOUS SPECIFICATIONS AND CHARGES APPEARED TO BE "PROVEN." (R. 13, 14, 19), AND THAT "THE FINDINGS OF THE COURT WERE CORRECT IN LAW AND FACT." (R. 25). *UNITED STATES V. MONAHAN*, 23 U.S.C.M.A. 539, 50 C.M.R. 710 3 M.J. 489 (1975); *UNITED STATES V. THOMPKINS*, NO. S24325 (A.F.C.M.R. 4 FEBRUARY 1976).

### I

■ During the military judge's inquiry into appellant's request for trial by military judge alone, the following question was asked by the military judge:

> [H]as it been explained to you that if you decide to be tried in front of three officers, that at least one-third of this court consisting of the court members will be enlisted men not of your same unit. [R. 4].

Appellant complains that this advice was error. At the least, the advice is misleading. However, any error has been waived by a failure at trial to question such advice or ask for clarification.

In the case at bar, appellant was represented by qualified military counsel. Appellant submitted a written request for trial by military judge alone. Trial defense counsel signed this request representing that he had informed appellant of his rights concerning the composition of any court. Appellant indicated to the military judge that he understood his rights and had no further questions. Trial defense counsel did not question the military judge's inquiry and approval of the request. Appellant has not to this point asserted any misunderstanding as to the effect of his request nor has he indicated that his decision would have been any different had the military judge more fully explained the various forms of trial. We are convinced that appellant was not substantially misled regarding the alternative modes of trial.

Paragraph 53, Manual for Courts-Martial, 1969 (Rev.), requires the military judge to insure that a request for trial by judge alone is understandingly made. In *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970), the military judge at trial failed to orally question the accused concerning his request for trial by military judge alone. The Court of Military Appeals held that failure to previously assert such error constituted a waiver. *Accord, United States v. Turner*, 20 U.S.C.M.A. 167, 43 C.M.R. 7 (1970); *United States v. Ambers*, 43 C.M.R. 757 (A.C.M.R.1971). The present circumstances are sufficiently similar to those in *United States v. Jenkins, supra,* to result in a waiver of any deficiency in the military judge's inquiry.

### II

■ Appellant was found guilty of an assault upon a noncommissioned officer in violation of Article 91, UCMJ. (Additional Charge III, Specification 1). Appellant now complains that the specification failed to state an offense inasmuch as the phrase "his superior noncommissioned officer" was omitted. The sole authority cited for appellant's position is that the allegation did not follow the sample specification contained in the Manual for Courts-Martial, 1969 (Rev.).

In *United States v. Darden*, No. 70 1770, (N.C.M.R. 30 October 1970) this Court has stated:

> Following a "form specification" does not necessarily insure that an offense is properly pleaded. Conversely, the failure to follow a "form specification" is not always fatal. [*United States v. Darden*, 70 1770 (N.C.M.R. 30 October 1970)].

In *United States v. Balsarini*, 36 C.M.R. 809, 811 (C.G.B.R.1965) it was held that a superior-subordinate relationship is not an element of an offense charged under Article 91, UCMJ, since the language of the Code itself, in respect to that Article, unlike that in the complementary Article 90 protecting commissioned officers, does not require that the noncommissioned officer victim be a superior of the offender. In addition, the specification in the present case clearly spelled out the victim's and appellant's status as Sergeant and Private First Class, respectively, in the U. S. Marine Corps, thus articulating the superior-subordinate relationship by implication sufficient to apprise appellant of what he must defend against and to enable him to avoid a second prosecution for the same offense. Paragraph 87*a.*, Manual for Courts-Martial, 1969 (Rev.).

### III

■ We conclude that appellant's third assignment is without merit. The victim of the disrespect charged in Specification 7 of Charge III testified that he did not believe the profanity was directed at him although others testified they believed it was. However, the feeling or opinion of the victim of disrespectful remarks is irrelevant. The gravamen of the offense lies in the disrespectful conduct towards noncommissioned officers in the execution of their office. *United States v. Richardson*, 2 U.S.C.M.A. 88, 6 C.M.R. 88 (1952).

### IV

■ The prosecution presented four witnesses in aggravation who testified to the poor military performance of appellant. Their testimony was not matter authorized in aggravation by Paragraph 75, Manual for Courts-Martial, 1969 (Rev.). No objection was voiced to the evidence thereby presented, however. Indeed, defense counsel cross-examined two of the witnesses. Government counsel argues that this combination of action and inaction must be considered as a waiver of any error resulting from the improper admission of the evidence of appellant's military performance, inviting our attention to dictum in *United States v. Turner*, 5 U.S.C.M.A. 445, 18 C.M.R. 69 (1955) and *United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974). We view the failure to object here as an act of passivity by trial defense counsel, at worst, abetted by the military judge. While it is the prime responsibility of trial defense counsel to object, as was stated by Chief Judge Fletcher, in discussing the "passive waiver concept" in *United States v. Graves*, 23 U.S.C.M.A. 434, 437, 50 C.M.R. 393, 396, 1 M.J. 50, 53 (1975) "The trial judge is more than a mere referee, and as such he is required to assure that the accused receives a fair trial." The proffered testimony of the witnesses in aggravation should not have been permitted or considered by the military judge. Having determined it was error to permit the testimony, we will assess the harm to appellant. Appellant stands convicted of numerous offenses sounding in unauthorized absence, disrespect, disobedience and violent defiance of authority. Paragraph 75*d*, MCM, *supra* does permit admission of personnel records of an accused when the court-martial is constituted with a military judge. The testimony in aggravation in this case, while not a "record" permitted by the *Manual*, in fact reflected an evaluation of the past conduct and performance of the appellant by his supervisors which would have been permitted in "record" form. We perceive the harm suffered by appellant as a result of the error to be minimal. We will reassess to dissipate any possible harm in the sentence awarded.

## V

We have examined the staff judge advocate's review and have determined that it at least complies with minimal standards. A copy of that review was served on trial defense counsel with an opportunity given to challenge, correct or comment on the adequacy of the review. His lack of objection constitutes a waiver of any deficiency now asserted. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

The findings as approved on review below are affirmed. Upon reassessment, in view of the error discussed above, we consider the bad conduct discharge to be fully appropriate to the number and seriousness of the offenses of which appellant stands convicted. Since the confinement portion of the sentence has already been served, meaningful relief can be offered by reducing the forfeitures. Only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for 5 months and forfeitures of $240 pay per month for three months and reduction to pay grade E–1 is affirmed.

Judge MURRAY and Judge GLASGOW concur.