UNITED STATES

v.

Private E–2 Gary E. HOWARD, 148–52–7072, U. S. Army, Combat Support Company, 2d Battalion (M), 50th Infantry, 2d Armored Division, Fort Hood, Texas 76546.

SPCM 11918.

U. S. Army Court of Military Review.

Sentence Adjudged 12 Dec. 1975.

Decided 21 Dec. 1976.

Appellate Counsel for the Accused: CPT Peter V. Train, JAGC; CPT John R. Osgood, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Nancy Battaglia, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

OPINION OF THE COURT

FELDER, Judge:

The appellant was convicted by a special court-martial for assault in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $240.00 pay per month for three months [1] and reduction to the grade of Private E–1. The approved sentence requires review of the case by this Court pursuant to Article 66, UCMJ.

At an Article 39(a) session held on 25 November 1975, the judge asked the defense counsel whether the appellant knew of his right to request trial by judge alone. The defense counsel replied that he did but that the appellant was undecided. The appellant was arraigned and the case was continued until 12 December 1975, at that time, the appellant was tried and sentenced by judge alone. At the second proceedings no mention was made of the right to request trial by judge alone, although a

1. Forfeitures may not apply to allowances as reflected in the convening authority's action.

Paragraph 126h (2), Manual for Courts-Martial, United States, 1969 (Revised edition).

signed request (DD Form 1722) for trial by judge alone was inserted in the record of trial.

Upon discovery by the deputy staff judge advocate of the omission in the record of trial of any explanation as to how the document became a part of the proceedings, a post-trial Article 39(a) session was convened. At that session the judge explained that immediately prior to the trial on 12 December 1975, the written request, executed by the appellant and by trial and defense counsel, was given to him. He signed the document and gave it to the court reporter, who appended it to the record of trial.[2]

At the post-trial session the defense counsel moved for a mistrial because the judge had not advised the appellant of his forum options prior to trial. In response to an inquiry by the judge, the defense counsel stated that he had informed his client of the options at the initial Article 39(a) session. The motion for a mistrial was denied. The convening authority considered the validity of the denial of the motion for a mistrial during the initial review and determined that the judge ruled correctly.

On appeal before this Court the appellant attacks the propriety of the judge's ruling. He contends that reversal is required because the judge should have personally assured himself at trial that the decision to waive the fundamental right of a trial with members was both voluntarily and knowingly made. The appellant cites in support of his contention the rationale for the decisions in *United States v. Care*, 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969), and *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). The United States Court of Military Appeals set forth in *Care* the requirement that the record of trial demonstrate that the trial judge personally advised the accused that he waives certain rights when he pleads guilty; and held in *Donohew* that the record must reflect that he personally informed the accused of his right to counsel pursuant to Article 38(b), UCMJ, 10 U.S.C. § 838. Further, the appellant, citing *United States v. Bowman*, 20 U.S.C.M.A. 119, 42 C.M.R. 311 (1970),[3] asserts that the requirement was not complied with even though he executed a request for trial by judge alone and acknowledged that he had been advised of his options by his defense counsel.

The statutory rule regarding this controversy is that a general or special court-martial may consist of only a military judge if before the court is assembled the accused, knowing the identity of the judge and after consultation with his defense counsel, submits a written request and the military judge approves it. Article 16, UCMJ, 10 U.S.C. § 816. Paragraphs 53*d*(2)(b) and 61 *g*, Manual for Courts-Martial, United States, 1969 (Revised edition), provides that if trial by judge alone is requested, and the judge has approved the request prior to trial, the judge should assure himself at trial that the request was understandingly made before announcing that the court is assembled. This provision is obligatory on the trial judge and his failure to comply with it is error that must be tested for prejudice pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859. *United States v. Turner*, 20 U.S.C.M.A. 167, 43 C.M.R. 7 (1970); *United States v. Jenkins*, 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970).

The appellant was charged with three specifications of assault and battery. The judge initially entered pleas of not guilty on his behalf but the appellant subsequently pleaded guilty to one assault and battery charge, not guilty to another, and guilty to simple assault with respect to the third

---

2. The judge neglected to check one of the blocks on the form approving or disapproving the request for judge alone. This administrative inadvertence does not influence our decision as to whether the request was actually approved. *See United States v. Campbell*, 47 C.M.R. 965 (A.C.M.R. 1973).

3. In *Bowman* it was held that an exhibit signed by an accused and his counsel is helpful in demonstrating that the accused was advised prior to trial about his entitlement to counsel, but the exhibit cannot be a substitute for the judge making the required in-court, on-the-record advice and determination of understanding and choice.

charge. During the inquiry into the providence of his guilty pleas, evidence of self-defense was adduced, so the appellant pleaded not guilty to all the specifications and charge.[4]

 The appellant was represented at the trial by certified military counsel, who informed the appellant of his trial options. In the absence of evidence to the contrary, the trial defense counsel is presumed to have discharged adequately the duty he has under paragraphs 48e and *f, Manual, supra,* of advising the appellant of his right to be tried by judge alone or with court members. Additionally, by requesting trial by judge alone on a form that summarizes the trial options, we are convinced that the appellant made a knowledgeable election. Furthermore, the findings reached by the judge were compelled by the overwhelming evidence of guilt and the sentence he adjudged reflects some degree of charity. Under these circumstances, we find no prejudice to the substantial rights of the appellant.

 We are also equally certain from the affidavits filed with this Court that the entire transcript was authenticated by the judge before action was taken by the convening authority, even though the authentication page pertaining to the post-trial 39(a) session is not appended to the record of trial.

The findings of guilty and the sentence are affirmed. However, the forfeitures shall apply to *pay* only becoming due on and after the date of the convening authority's action.

Senior Judge JONES and Judge FULTON concur.

---

4. Parenthetically, we note that the promulgating order does not accurately reflect the pleas made on behalf of the appellant by the judge and his counsel.