**UNITED STATES, Appellee,**

v.

**Private (E–1) Cameron SPENCER, SSN 051–58–1995, United States Army, Appellant.**

**CM 441486.**

U. S. Army Court of Military Review.

10 Sept. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, Captain Brett L. Antonides, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, and Captain Mark S. Julius, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of attempting to steal money by aiding another person to cash a stolen check, conspiring to commit larceny, two periods of unauthorized absence, using disrespectful language toward a noncommissioned officer, forgery, soliciting another soldier to possess marihuana, carrying a concealed weapon, stealing from the mail, and wrongfully altering a military identification card, in violation of Articles 80, 81, 86, 91, 123 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 886, 891, 923 and 934 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for nine months and partial forfeitures for nine months, all of which were approved by the convening authority. The appellant now contests the adequacy of the

relief granted by the military judge for illegal pretrial confinement and disputes the providency of his pleas of guilty to solicitation and stealing from the mail.

The appellant was placed in pretrial confinement on 30 April 1981. A magistrate reviewed his case within a few days and authorized continued pretrial confinement. Counsel was detailed on 21 May 1981, visited with the appellant on 27 May 1981, and represented him at both the Article 32 investigation and the trial.

The appellant contends that the military judge erred by failing to order administrative credit for illegal pretrial confinement as required by *United States v. Larner,* 1 M.J. 371 (C.M.A.1976). The military judge ruled that the appellant's pretrial confinement was illegal because of the command's failure to follow local regulations requiring that a soldier be permitted to consult with counsel prior to being placed in pretrial confinement and that charges be preferred within 72 hours after imposition of pretrial confinement. The military judge then said his sentence would reflect credit for the time the appellant spent in illegal pretrial confinement.

We hold that the appellant is not entitled to any further relief arising from his pretrial confinement. Although the military judge ruled that the pretrial confinement was illegal, we are not bound by his ruling, and we decline to follow it. *United States v. Davis,* 6 M.J. 874, 878 n.11 (A.C.M. R.1979), *pet. denied,* 8 M.J. 234 (C.M.A. 1980); *United States v. Tanner,* 3 M.J. 924 (A.C.M.R.), *pet. denied,* 4 M.J. 169 (C.M.A. 1977).

There is a distinction between confinement which is illegal and that which is procedurally irregular or improper. *United States v. Hangsleben,* 8 U.S.C.M.A. 320, 322, 24 C.M.R. 130, 132 (1957). This case falls in the latter category. Since the appellant was ordered into confinement by proper authority and upon legally sufficient grounds, his confinement was legal. The command's failure to comply with a local regulation prescribing the time period dur-

**670**

ing which charges must be preferred after imposition of pretrial confinement is a procedural irregularity, but it does not render the confinement illegal. *United States v. Grubbs,* 37 C.M.R. 527 (A.B.R.1966); *cf., United States v. Nelson,* 5 M.J. 189, 190 n.1 (C.M.A.1978) (failure to comply with Article 33 is a procedural deviation which must be tested for specific prejudice).

■ Likewise, we hold that the failure to allow the appellant to consult with counsel prior to being placed in pretrial confinement was a procedural irregularity, but it did not make the confinement illegal. An accused is entitled to counsel at all critical stages of the accusatory process. However, pretrial confinement itself is not a "critical stage." *United States v. Bielecki,* 21 U.S.C. M.A. 450, 452, 45 C.M.R. 224, 226 (1972). Nor is an accused entitled to counsel at a magistrate's hearing concerning his continued pretrial confinement. *Gerstein v. Pugh,* 420 U.S. 103, 123, 95 S.Ct. 854, 867–868, 43 L.Ed.2d 54 (1975); *see United States v. Jackson,* 5 M.J. 223, 227–28 (C.M.A.1978) (Cook, J., concurring in the result). Since counsel was available for the appellant at all critical stages of the accusatory process, we find no prejudicial error, notwithstanding the procedural error in his pretrial confinement. Accordingly, we conclude that the appellant is entitled to no further relief.

■ The appellant contends that his plea of guilty to soliciting another to possess marihuana was improvident because the military judge did not recite the elements of the offense of wrongful possession of marihuana. We find this contention without merit. The military judge explained all elements except the terms "wrongfully" and "possess." The appellant's recital of the facts left no doubt that the appellant committed the offense, understood the elements of the offense, and admitted them. *See United States v. Crouch,* 11 M.J. 128 (C.M.A.1981).

The appellant also contends that his plea of guilty to stealing mail matter was improvident because the military judge failed to explain the elements of larceny. This contention is not supported by the record. The military judge advised the appellant that the offense was comprised of a wrongful taking of the contents of the letter which belonged to the named victim, with the intent to permanently deprive the victim of the contents. In substance he described all the elements of a larceny, except for the element of value, which is immaterial in a larceny from the mail. The appellant's responses leave no doubt that the appellant committed the offense, understood the elements, and admitted all essential elements of the offense. *See United States v. Crouch, supra.*

The findings of guilty and the sentence are AFFIRMED.

Judge WERNER concurs.

Senior Judge O'DONNELL absent.