UNITED STATES

v.

**Staff Sergeant David B. DAFFRON, FR 252–15–8212, United States Air Force.**

**ACM 28605.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 March 1990.

Decided 12 April 1991.

Appellate Counsel for the Appellant: Captain Richard W. Aldrich (argued), Colonel Richard F. O'Hair, Lieutenant Colonel Jeffrey R. Owens, and Major Ronald G. Morgan.

Appellate Counsel for the United States: Major Paul H. Blackwell, Jr. (argued), Colonel Joe R. Lamport, Colonel Robert E.

Giovagnoni, and Lieutenant Colonel Brenda J. Hollis.

Before O'BRIEN, O'HAIR, PRATT and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

JAMES, Judge:

This case is about guilty pleas, trial by judge alone, and defense counsel. Appellant complains that the military judge's inquiries into providence and the forum election were inadequate and that both his defense counsel were inadequate. We disagree and affirm.

Staff Sergeant Daffron pleaded guilty to attempted rape and indecent acts, both with his daughter, then 9 years old. The general court-martial convicted him and sentenced him to be discharged from the service with a dishonorable discharge, to be confined for 15 years, and "to be reduced to the grade of airman basic."[1] The convening authority approved the findings and sentence as adjudged except to reduce the confinement to 10 years as required by a pretrial agreement.

### I. Providence of the Plea of Guilty

The military judge advised the appellant of the elements of the offenses as required by R.C.M. 910(c)(1) and inquired into the accuracy of appellant's pleas as required by R.C.M. 910(e). It is helpful to revisit the objectives of the inquiry to assure that they are satisfied.

█ A sound inquiry into the providence of a plea must assure the court that "the defendant is pleading voluntarily, knowingly, and understandingly." *The Constitution of the United States of America—Analysis and Interpretation* 1656 (Congressional Research Service, Killian ed. 1987) ("Corwin's Constitution Annotated"). Our military justice system incorporated the idea of such an inquiry early, and decisions such as *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), are mileposts in its development.

What is the role in the providence inquiry of the military judge's treatment of the elements? *United States v. Chancellor*, 16 U.S.C.M.A. 297, 36 C.M.R. 453, 456 (1966), recommended a "delineation of the elements of the offense." *Care* added a prospective requirement for a more thoughtful procedure, "that the elements of each offense charged [be] *explained* to the accused." *Care*, 40 C.M.R. at 253 (emphasis added). This changed the treatment of the elements from simple listing to a more intellectual plane on which the military judge can be satisfied that the accused knows and understands them.

Little is served by an accused's acknowledgment of the elements as they are spoken in a list (though we do not discourage that practice as a prelude). Everything hinges on his demonstrated conversancy with the definition of the crime to which he pleads. *See, e.g., United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971) (in which the military judge parsed the elements); *United States v. Wimberly*, 20 U.S.C.M.A. 50, 42 C.M.R. 242 (1970) (in which he did not). *But see United States v. Pretlow*, 13 M.J. 85 (C.M.A.1982) (*Kilgore* approach unsatisfactory in conspiracy). The simplistic, listing approach is ineffective because it does nothing to assure that the plea is knowingly and understandingly made.

Here appellant rests the entire issue on one sentence: "... the military judge failed to apprise the appellant of element (c)," that the act alleged was indecent. *See* MCM,[2] part IV, paragraph 87(b)(1) (1984) (elements of indecency involving physical contact with a child). His argument is correct in a hyper-technical way; the mili-

---

1. Some military judges persist in adjudging reductions in grade, not pay grade as is required by R.C.M. 1003(b)(5). Doing so causes some ambiguity in the sentence. In trials of Air Force accused, the ambiguity is insignificant: only one pay grade corresponds to more than one grade, and no Air Force grades correspond to more than one pay grade. However, military judges who may preside over the trials of members of sister services may find the challenge of naming the intended grade much more taxing. Announcing reductions by pay grade eliminates the problem.

2. Manual for Courts–Martial (1984).

tary judge never did say, "An element of this offense is that the act was indecent."

■ However, the requirement is not that the military judge list the elements or "apprise" the accused; the requirement is that he *explain* them. *See generally, United States v. Crouch*, 11 M.J. 128 (C.M. A.1981); *United States v. Humphrey*, 14 M.J. 661 (A.C.M.R.1982); *United States v. Spencer*, 14 M.J. 668 (A.C.M.R.1982). Here the military judge described the acts in the framework of the accompanying stipulation, and he twice referred to the allegation as "the offense of committing indecent acts." He defined "indecent acts" for the accused, and he discussed with the accused the acts alleged and the required lustful intent. Seen artificially separate from the inquiry into a sister allegation concerning divers attempted rapes, the colloquy is quite brief. Taken together with the inquiry into the attempted rapes, in the course of which the indecent acts occurred, the inquiry into the indecent acts assures us (as it did the military judge) that the accused's pleas to the crimes alleged were voluntary, knowing, and understanding. Nothing more is required.

## II. Inquiry on Election To Be Tried by Military Judge Alone

■ Appellant elected to be tried by the military judge sitting alone. *See generally* Article 16(1)(B), UCMJ, 10 U.S.C. sec. 816(1)(B) (1988); R.C.M. 903. Rule 903(c)(2)(A) requires a military judge to inquire into the appellant's knowledge of "the right to trial by members," and he did

so. Appellant now argues that, when a sentence over 10 years is possible, the military judge also should inform him that three quarters of the members must concur to adjudge such a sentence. (The military judge did later adjudge confinement for 15 years.) *See generally* Article 52(b)(2) and (3), UCMJ, 10 U.S.C. sec. 852(b)(2) and (3) (1988); R.C.M. 1006(d)(4)(B)(C). Rule 903 does not require such an inquiry or such advice.

The inquiry in this case satisfies the President's procedural rules. *See generally* Article 36(a), UCMJ, 10 U.S.C. sec. 936(a) (1988). This part of the inquiry is not of statutory or constitutional origin, so R.C.M. 903 governs it. *See* Article 16(1)(B), (2)(C), UCMJ, 10 U.S.C. sec. 816(1)(B), (2)(C) (1988). Furthermore, any deficiency has been waived by appellant's failure to object or reveal his inadequate understanding at trial. *United States v. Turner*, 20 U.S.C.M.A. 167, 43 C.M.R. 7 (1970); *United States v. Jenkins*, 20 U.S.C. M.A. 112, 42 C.M.R. 304 (1970).[3]

## III. Effectiveness of Assistance of Counsel

■ Appellant also complains that he was denied his Sixth Amendment right to counsel because his trial defense counsel were ineffective. *See generally, United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Brothers*, 30 M.J. 289 (C.M.A.1990); *United States v. Barnard*, 32 M.J. 530 (A.F.C. M.R.1990). In particular, he disputes the

---

**3.** *See also, United States v. Hannon*, 19 M.J. 726 (N.M.C.M.R.1984); *United States v. Ransome*, 1 M.J. 1005 (N.M.C.M.R.1976). *Contrast United States v. Howard*, 2 M.J. 1078 (A.F.C.M.R.1976) (knowledge of identity of military judge is a statutory requirement). *Compare United States v. Barnes*, 8 M.J. 115 (C.M.A.1979) (omission of inquiry into accused's knowledge of right to demand enlisted membership); *United States v. Stegall*, 6 M.J. 176 (C.M.A.1979); *United States v. Canatelli*, 5 M.J. 838 (A.C.M.R.1978), *pet. denied*, 6 M.J. 9 (C.M.A.1978).

The application of waiver to this inquiry now seems well established. In *United States v. Parkes*, 5 M.J. 489 (C.M.A.1978), the Court of Military Appeals explicitly considered whether to overrule *Jenkins*, but did not. *See also United*

*States v. Sudler*, 3 M.J. 113 (C.M.A.1977), mandate issued at 6 M.J. 82 (1978), and *United States v. Highfield*, 3 M.J. 183 (C.M.A.1977), mandate issued at 6 M.J. 82 (1978).

Even if the matter has not been waived, this Court has considered exactly this question before, in *United States v. McLaurin*, 9 M.J. 855 (A.F.C.M.R.1980), *pet. denied*, 10 M.J. 113 (C.M. A.1980). Like our predecessors, we have examined the colloquy between the military judge and the appellant, and we find that the military judge did adequately assure himself that the appellant made his request for trial by military judge alone knowing and understanding the difference between the two forums. We are equally assured. *See also United States v. Parkes*, 5 M.J. 489 (C.M.A.1978).

adequacy of the advice given on admissibility of a confession and the related advice on whether to plead guilty without raising and preserving the issue. *See generally, United States v. Kelly*, 32 M.J. 813 (N.M.C.M. R.1991).

### A. Appellant's View of the Facts

Appellant sought treatment because he had been sexually abusing his daughter. He and his wife visited a social worker, Ms. S, assigned to the Family Advocacy Office, USAF Hospital Wiesbaden. She is said to have informed appellant of some of his rights, and he says that he then asked for counsel. Ms. S also "turned him in" to the servicing detachment of the Office of Special Investigations, just as she told him she would. Appellant was summoned and questioned the same day and confessed before counsel was supplied.

Appellant now theorizes that his demand for counsel, asserted to Ms. S, is imputed to the investigators (or that they actually knew of it) and that it taints his confession because the demand was unsatisfied. Appellant then concludes that he was harmed because "it is highly unlikely" that he could have been convicted without admission of his confession. From that premise, he argues that the trial defense counsel were not effective because they advised

him to plead guilty, thereby waiving any objection to the confession.

### B. Findings of Fact

This setting exemplifies the evils of this issue: Appellant complains about the advice given on a complex issue of constitutional law in which the nuances of facts can easily be determinative, but neither the advice given nor the relevant facts are preserved in the record of trial. Instead of litigating admissibility at trial, the parties now dispute effectiveness on appeal in a modest flurry of affidavits.[4] Furthermore, memories now differ, and the state of the record makes it difficult to resolve some of the peripheral differences, despite the flurry.

Using our fact-finding authority under Article 66(c), UCMJ, 10 U.S.C. 866(c) (1988), we find the pertinent facts to be as follow:

1. The defense counsel interviewed Ms. S and investigated the circumstances of the confession.

2. The defense counsel discussed the issue at considerable length with appellant, including the relevant case law.

3. The defense was prepared to litigate[5] the matter, having requested the necessary witnesses, who were present.

4. However, the defense reached a pretrial agreement with the convening authority.

---

**4.** *Cf. United States v. Chancellor*, 16 U.S.C.M.A. 297, 36 C.M.R. 453, 456 (1966). Another evil of this issue is that the trial of facts by affidavits too frequently is prolonged as successive affidavits gradually reveal more and more of the facts, each prompting a response from the opponent. Recently we cautioned appellate defense counsel, "We infer from the signature of appellate defense counsel on the briefs in such a case that counsel have investigated the facts and concluded that the circumstances at trial warrant the inquiry that this issue requires." *United States v. Locke*, ACM S28224, 1990 WL 172878, 18 October 1990. *See also* A.F.R. 111–4, Courts of Military Review Rules of Practice and Procedure, Rule 6 (12 July 1985). We remarked elsewhere, "Ineffectiveness claims require enumeration of the errors by appellate defense counsel, exposition of the circumstances that show them to have been unreasonable and not within the wide range of acceptable skills, and *a complete investigation of the facts." United States v. Barnard*, 32 M.J. 530, 533 (A.F.C.M.R. 1990) (emphasis added). Part of our point is

that appellate defense counsel should develop the facts comprehensively in its first battery of affidavits and file them with the assignment of errors and briefs, instead of revealing them in dribbles and drabs, making successive responses inevitable. We should find it unusual to be asked twice by either party for leave to file documents.

**5.** "Litigate" is trial defense counsel's word, and it is correct. An even more precise statement could have been that the defense was prepared to insist that the prosecution prove the compliance with warning and associated counsel requirements: The defense strategy at trial simply waived proof of the foundation for admission. Appellant relies on speculation that the military judge would have resolved in his favor all of several logical steps to exclude the confession (and any derivatives) and that the remaining evidence would have been inadequate to convict. We refuse to speculate. The burden of proof on this issue must be carried by the appellant, and he has failed.

5. Appellant asked his defense counsel if reviewing authorities would examine the counsel request issue.

6. The defense counsel explained to appellant that a guilty plea would waive any defect in his confession.

7. Appellant nevertheless chose to plead guilty.

Those pivotal facts are unrebutted.[6] Appellant never disputes the lead defense counsel's recollection that counsel "discussed the issue at considerable length with SSgt Daffron, including the relevant case law" and that counsel "were prepared to litigate the matter." Neither does he dispute that counsel "fully explained to him that a guilty plea would effectively waive any potential defects in his confession" and that "SSgt Daffron nevertheless chose to pursue that course [the pretrial agreement]."

### C.   Effectiveness Generally

The choice of plea is always a matter solely for the client, *"after full consultation with counsel."* Air Force Standards for the Administration of Criminal Justice, Defense Function, Standard 4–5.2.(a)(i) (4 December 1989) (emphasis added). *Accord,* ABA Standards for the Administration of Criminal Justice, Defense Function, Standard 5.2.(a)(i) (1968 compilation). A client and lawyer may well decide upon a guilty plea despite suspected gaps in the proof, and advice to do so is not necessarily ineffective. *Cf. McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). However, the client's supremacy on this decision does not immunize counsel's assistance from examination. The advice that precedes the client's choice must satisfy the constitutional requirement for "effective assistance of counsel."

We have in other decisions, most recently in *United States v. Barnard,* 32 M.J. 530

(A.F.C.M.R.1990), explained that the burden of showing ineffectiveness is upon an appellant, and we have noted why the burden is difficult to meet. When the record is undeveloped, an appellant must try to meet his burden by affidavits, a method less than satisfactory to all.

The burden is not met here. Counsel's unopposed assertion that he did as he ought to do satisfies us that he did. *Contrast United States v. Kelly,* 32 M.J. 813 (N.M.C.M.R.1991). These defense counsel investigated and advised; this appellant chose to waive trial of the facts.[7] He must accept responsibility for his choice or show us that the advice was "outside the wide range of professionally competent assistance," *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, "that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. Appellant did not overcome the strong presumption that counsel is competent. *Id.* at 689, 690, 104 S.Ct. at 2065, 2066.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Chief Judge O'BRIEN and Senior Judge PRATT concur.

Senior Judge O'HAIR did not participate in this decision.

---

**6.**  Appellate counsel commented on them, but arguments are not evidence.

**7.**  Appellant does complain that counsel did not inform him of the possibility of preserving the issue by a conditional plea, which would have eliminated the need to choose. *See* R.C.M. 910(a)(2). Even if we assume that he is correct, we could not find prejudice on this aspect be-

cause to do so would require that we speculate that the staff judge advocate and military judge would have consented, *id.;* A.F.R. 111–1, Military Justice Guide, para. 12–8.c. (30 September 1988), and we refuse to speculate. Appellant bears the burden of proof, and he did not meet it.