## UNITED STATES

v.

**Private First Class Earnest R. McKEE, 234–86–7267, US Army, A Battery, 2d Battalion, 6th Field Artillery, 3d Armored Division, APO New York 09091.**

CM 434432.

U. S. Army Court of Military Review.

Sentence Adjudged 17 Dec. 1975.

Decided 20 Sept. 1976.

Appellate Counsel for the Accused: CPT Stephen D. Halfhill, JAGC; CPT Lawrence E. Wzorek, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT John F. DePue, JAGC; CPT Nancy Battaglia, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

---

6. *United States v. Cruz-Rijos, supra,* 1 M.J. at page 431.

## OPINION OF THE COURT

DRIBBEN, Judge:

Pursuant to his plea of guilty before a general court-martial consisting of a military judge alone, appellant was found guilty of wrongful possession and wrongful sale of amphetamines in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced as noted in the approved sentence above.

Before this Court, as well as at trial level, appellant asserts that the trial counsel was disqualified from representing the Government because he had previously acted as counsel for appellant in the same case.

The record of trial reveals that Captain O, who prosecuted appellant, was regularly appointed trial counsel and acted in that capacity throughout the trial.

Private First Class McKee testified that he was apprehended on the evening of 31 July 1975 and taken to the military police station. There he was requested by agents of the US Army Criminal Investigation Command (CID) to provide information concerning persons dealing in drugs. When appellant responded that he might cooperate if he had a lawyer in his behalf, the CID agents contacted Captain O, a trial counsel at the Gelnhausen Legal Center.

Captain O appeared at the military police station and first saw appellant about one or two o'clock in the morning of 1 August 1975. According to appellant, he was introduced as "Captain O from the Gelnhausen Legal Center". Appellant did not remember Captain O identifying himself as a "trial counsel" although he admitted that Captain O may have done so. Appellant thought Captain O was present to be his lawyer and accordingly answered questions asked mostly by Captain O in the presence of CID agents.

During cross-examination, appellant admitted that he and Captain O did not confer privately and that Captain O never asked him about his involvement with drugs or personal conduct on the night in question. It was further disclosed on cross-examination, however, that Captain O advised appellant that he should provide the name of a suspected drug user to the CID (which appellant did) and explained to appellant the possible benefits that could be derived if he cooperated with the Government. Appellant also stated that he did not think he would have answered the questions asked by Captain O at the time in question if he had known that the latter was to be the person who prosecuted the case against him. In response to a query by the military judge, appellant said that Captain O did not ever tell him that he was acting in his behalf.

Following appellant's testimony, trial counsel advised the military judge that no evidence in this case was obtained as a result of this interview. The defense counsel said that he had been apprised of no evidence stemming from that encounter that might be used against the accused.

The military judge found that appellant honestly believed that Captain O was acting in his behalf on or about 31 July 1975. Accepting as true Captain O's assertion that he was not, in fact, representing appellant on that occasion, the military judge also found that Captain O had not acted for the defense within the meaning of Article 27(a), Code, *supra*, 10 U.S.C. § 827. Accordingly, he ruled that Captain O was not disqualified in acting as trial counsel in the instant case. It is this ruling that is now urged to be prejudicially erroneous.

■ The problem which we must resolve is whether Captain O, because of his earlier contract with appellant, was prohibited from acting later for the prosecution by Article 27(a), Code, *supra*, which provides in pertinent part:

". . . No person who has acted for the prosecution may act later in the same case for the defense, *nor may any person who has acted for the defense act later in the same case for the prosecution.*" [1] (Emphasis supplied.)

---

1. *See also* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraphs 6a, 44b, and 61e.

At trial and on appeal, appellant contends, and the Government agreed during oral argument before us, that an attorney-client relationship was created between Captain O and appellant on the evening in question. We find from the evidence in the record of trial the creation of such a relationship despite the denial thereof by Captain O. Captain O came to the military police station after the appellant requested legal counsel and was introduced to appellant who honestly believed Captain O to be his lawyer. Although Captain O may have described himself as a "trial counsel", we do not believe that he adequately explained his position to appellant as a prosecutor or representative of the Government by using this term. He should have unequivocally and clearly advised appellant of his position as a prosecutor and that he could not represent appellant as an attorney.[2]

The fact that Captain O never spoke privately with the appellant nor asked him about his involvement with drugs or personal conduct on the night in question was a choice made by Captain O rather than the appellant. A layman is not expected to know what a lawyer representing one in the position of appellant on the evening in question would or should do. Appellant sought an attorney-client relationship and believed that Captain O was acting in his best interest when he was advised by the latter to disclose the name of a suspected drug dealer and when he answered questions asked by Captain O in the presence of CID investigators. We find that the appellant accepted Captain O as his attorney and that his *bona fide* belief in Captain O's status as his attorney was based upon factual circumstances warranting such belief. We are not willing to deny appellant the benefit of the attorney-client relationship under the facts and circumstances of this case.

It is obvious that Captain O having "acted" for appellant on the evening of 31 July —1 August 1975, acted for him "in the same case". Appellant was apprehended because of the subject matter which was the basis of his subsequent court-martial and sought legal advice relating if not precisely to that same subject matter, to matters so closely interwoven therewith as to be in effect a part thereof.

The basic and well-established rule, accepted alike by civilian[3] and military courts, is that a lawyer must not represent adverse or conflicting interests, nor permit himself to be placed in a position where he may be required to choose between such interests. This basic precept is adopted for the military establishment by the exclusion set out in Article 27(a), Code, *supra*. *United States v. Stringer*, 4 U.S.C.M.A. 494, 501, 16 C.M.R. 68, 75 (1954). "Furthermore, where in the same general proceedings an attorney takes a position opposed to his former client, *it is immaterial that he may not divulge confidential communications from that latter person.*" *United States v. Bryant*, 16 C.M.R. 747, 751–752 (A.F.B.R.1954) cited with emphasis supplied by the United States Court of Military Appeals in *United States v. Green*, 5 U.S.C.M.A. 610, 615, 18 C.M.R. 234, 239 (1955). In fact, the rule regarding conflict of interests has been so strictly enforced that a lawyer cannot thereafter act as counsel against his former client in the same general matter even though while acting for his former client he acquired no knowledge which could adversely affect his former client in the subsequent adverse employment. *Green, supra*, 5 U.S.C.M.A. at 614, 18 C.M.R. at 238. Indeed, and apart from the prohibition against divulgence of confidential communications, an attorney is not permitted to prosecute one whom he has represented in the same or a related matter at any prior time. *Green, supra*.

---

2. *See United States v. Slamski*, 11 U.S.C.M.A. 74, 28 C.M.R. 298 (1959) where no attorney-client relationship was formed because the accused did not accept the lawyer as such and was also fully informed that the attorney with whom he spoke could not represent him be-

cause his position precluded such representation.

3. *See* Annotation, 31 A.L.R.3d 953 (1970) "Disqualification of Prosecuting Attorney on Account of Relationship With Accused."

In applying the foregoing principles to trial counsel, further general rules regarding the prosecution function bear repeating. It is the primary duty of the trial counsel to see that justice is done. *Berger v. United States*, 295 U.S. 78, 41 S.Ct. 230, 65 L.Ed. 481 (1935). Not only must he represent the Government to the best of his professional ability, but he must insure a fair and impartial trial. *United States v. Valencia*, 1 U.S. C.M.A. 74, 4 C.M.R. 7 (1952). *See also* ABA Canon 7; Code of Professional Responsibility, EC 7–13; ABA Standards, The Prosecution Function and the Defense Function 43–46, §§ 1.1 and 1.2 (Approved Draft 1971). "It is as much his (the prosecutor's) duty to see that a person on trial is not deprived of any of his statutory or constitutional rights as it is to prosecute him for the crime of which he may be charged." 63 Am.Jur.2d, Prosecuting Attorneys § 27 (1972).

These principles, while recognizing the public interest in securing convictions of those who violate the law, prohibit the prosecutor from taking unfair advantage of the accused.

Having concluded that Captain O previously acted for the defense in these proceedings contrary to the exclusion predicated in Article 27(a), Code, *supra*, we must now determine the effect of his improper participation as trial counsel. In making this determination we note at the outset that the question of disqualification of prosecutors has arisen against such a variety of factual backgrounds that no general rule can be set forth with respect to specific problems. The solution must necessarily depend on the facts and circumstances of each case. *United States v. Stringer, supra.*

In weighing the facts and circumstances of this case the critical inquiry centers upon "the possibility that the accused may be prejudiced by the presence of a personal interest in the outcome of the case on the part of the prosecutor, or the latter's pos-session of privileged information, *or an intimate knowledge of the facts by reason of a professional relationship with the accused*". *Stringer, supra*, 4 U.S.C.M.A. at 502, 16 C.M.R. at 76 (Emphasis added.)

The Government says that conceding the trial counsel previously acted for the defense within the meaning of Article 27(a), Code, *supra*, the termination of this relationship neither resulted in the disclosure of privileged or incriminating communications, nor apparently induced appellant's plea of guilty. Therefore, the violation of this Codal provision should be deemed nonprejudicial.

It is not possible to ascertain with any certainty whether appellant's answers to Captain O's questions at the military police station were damaging to appellant's interests or provided an advantage to the Government as a result of Captain O's participation as trial counsel. The record of trial does not provide sufficient information as to the contents of these questions and answers.[4] Therefore, the possibility of prejudice to appellant exists. Refined calculations as to the precise quantity of this prejudice or its probable effect on the results of trial need not be indulged. *Stringer, supra.*

The trial counsel should have recused himself from the trial of this case. Failing to have done so, the military judge erred in ruling that the trial counsel was not disqualified. The appellant is entitled to a new trial with a wholly disinterested trial counsel. *Green, supra*; *United States v. Collier*, 20 U.S.C.M.A. 261, 43 C.M.R. 101 (1971); *United States v. McCluskey*, 6 U.S. C.M.A. 545, 20 C.M.R. 261 (1955).

Due to our disposition of the case discussion of the other assigned errors is not necessary.

The findings of guilty and the sentence are set aside and a rehearing may be ordered by a different convening authority.

Judge COOK and Judge DeFORD concur.

---

4. Appellant's trial defense counsel did not concede this issue. He simply advised the military judge that "to the best of his knowledge" no evidence in this case was obtained directly or indirectly as a result of Captain O's encounter with appellant and that "we (the defense) have been apprised of no evidence stemming from that encounter".