UNITED STATES

v.

Joaquin DIAZ, 099 48 5910, Private First Class (E-2), U. S. Marine Corps.

NCM 79 1975.

U. S. Navy Court of Military Review.

Sentence Adjudged 4 June 1979.

Decided 30 April 1980.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LCDR John C. Vinson, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, SANDERS and DONOVAN, JJ.

DONOVAN, Judge:

While stationed overseas, appellant was convicted, pursuant to his pleas and a pretrial agreement, of two periods of unauthorized absence totaling 56 days and eleven over-purchases of whiskey, beer and cigarettes in violation of a general regulation. Articles 86 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 892. He was sentenced by military judge alone to a bad-conduct discharge, confinement at hard labor for 60 days, reduction to pay grade E–1, and forfeitures of $150.00 per month for two months. The convening authority, noting one prior special court-martial conviction and five nonjudicial punishments, honored the pretrial agreement by remitting all forfeitures and by remitting confinement at hard labor in excess of 45 days; however, he approved the discharge and reduction. The supervisory authority approved the findings and sentence as approved by the convening authority.

Appellant assigns three errors. We find merit in the first two, discussed together, and reverse the findings and sentence.

I

TRIAL COUNSEL WAS DISQUALIFIED FROM PROSECUTING APPELLANT BECAUSE HE HAD PREVIOUSLY RENDERED LEGAL ASSISTANCE TO APPELLANT CONCERNING THE SAME GENERAL MATTER THAT CAUSED THE CHARGED MISCONDUCT.

II

THE MILITARY JUDGE FAILED TO ENSURE THE FAIRNESS OF THE PROCEEDINGS BY ESTABLISHING ON THE RECORD WHETHER TRIAL COUNSEL WAS DISQUALIFIED.

III

TRIAL COUNSEL'S ARGUMENT BEFORE SENTENCING WAS IMPROPER.

At the start of trial proceedings, the trial counsel advised the military judge that he had previously provided legal assistance to appellant concerning a marital separation agreement. (R. 2). Neither the number, nor date(s) of the counseling session(s), nor further comment on matters discussed therein are known since no further dialogue by trial participants as to the trial counsel's prior attorney-client relationship with appellant exists in the record.

After findings, appellant elected to make an unsworn statement and offered several letters. He told the military judge that he had received news of infidelity by his wife with more than one man while she remained with their two infants at Camp Lejeune, North Carolina during his Okinawa tour. Some of the letters asserted this misconduct while one letter addressed her desire for reconciliation. Defense Exhibit E is a letter from a U. S. Marine Corps judge advocate (not the trial counsel), dated 19 September 1978, to a civilian attorney in North Carolina requesting that he represent appellant in a divorce action. The letters disclosing infidelity were graphic and specific in their accusations, and were not merely hints of impropriety. A request mast and consultation with a chaplain did not resolve appellant's dilemma. The overseas locale aggravated the physical separation from his wife. Appellant related at trial that he became depressed, repeatedly drank to excess, could not perform his duties properly and finally was punished for dereliction, which punishment prompted the unauthorized absences. The proceeds of his over-purchases, perpetrated in cooperation with local nationals, paid his off-base expenses and financed further drinking. Al-

though appellant's marital discord may not at the start of trial have appeared linked to these charges, the military judge continued to make no inquiry into the prosecutor's prior attorney-client relationship with appellant concerning the separation agreement even as the extenuation and mitigation proceedings unfolded and revealed marital turbulence to be the sole stated motive for the misconduct charged at trial.

## I and II

■ Article 27(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 827(a), states in part that "any person who has acted for the defense [may not] act later in the same case for the prosecution." The *Manual for Courts-Martial, 1969 (Rev.)* (MCM) directs that "A person who has acted for the accused at . . . other proceedings involving the same general matter is ineligible to act thereafter for the prosecution." Paragraph 6a, MCM. *See also* paragraph 61e, MCM. As the Air Force Court of Military Review has stated:

The protection of the attorney-client relationship is one of the most well-settled and rigorously enforced rules in the law. *United States v. McCluskey*, 6 U.S. C.M.A. 545, 20 C.M.R. 261 (1955); *United States v. Sulin*, 44 C.M.R. 624 (A.F.C.M.R. 1971). The creation of the relationship does not forever thereafter preclude an attorney from taking a position adverse to his former client. However, and as indicated in the prohibitory language of Article 27(a), Code, supra, an attorney must never represent conflicting interests, nor permit himself to be placed in such a position that he is required to choose between such interests. *United States v. Stringer*, [4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954)]; *United States v. McKee*, 2 M.J. 981 (A.C.M.R.1976).

Although the question of the disqualification of prosecutors has arisen against such a variety of backgrounds that the solution in each case necessarily depends on its own particular facts and circumstances, this much is constant: an attorney is not permitted to prosecute an accused whom he has previously represented in the same or a related matter. Article 27(a), Code, supra; *United States v. Stringer*, supra; *United States v. Green*, 5 U.S.C.M.A. 610, 18 C.M.R. 234 (1955); *United States v. McKee*, supra; *United States v. Bryant*, 16 C.M.R. 747 (A.F.B.R. 1954). This rule is so strictly enforced that an attorney is disqualified from prosecuting his former client in the same general matter even though while representing the client he acquired no information which could adversely affect him in the subsequent adverse action. *United States v. Green* and *United States v. McKee*, both supra. As so aptly said by the Court of Military Appeals in *United States v. Turley*, 8 U.S.C.M.A. 262, 24 C.M.R. 72, 75 (1957):

An attorney, who has on a previous occasion represented or advised an accused person, must avoid the slightest suspicion, the very appearance, of assisting—little or much, directly or indirectly, consciously or unconsciously—in the prosecution of his erstwhile client, from whom he may have acquired private information.

. . . . .

doubts concerning equivocal or apparently inconsistent conduct on the part of the attorney must be resolved against him—that is, it must be regarded as having been antagonistic to the best interests of his client.

*United States v. McCluskey*, supra, at 266.

*United States v. Fowler*, 6 M.J. 501, 503–4 (A.F.C.M.R.1978).

■ The trial counsel failed to "acquaint the military judge with the particulars of his pretrial contact with the accused." *United States v. Fowler, supra* at 504. Even though not properly advised at the outset of trial, a judicial duty later arose for the judge to inquire into any cause and effect relationship between the marital discord and the offenses and then determine if the trial counsel had occasion to learn any disqualifying information prior to trial by virtue of his attorney-client relationship. *United States v. Graves*, 1 M.J. 50 (C.M.A. 1975).

The Government cites *United States v. Sulin*, 44 C.M.R. 624 (A.F.C.M.R.1971), *pet. denied*, 44 C.M.R. 940 (C.M.A.1971), for a three-prong test to use in our determination of this issue:

Stated otherwise, in order to sustain a disqualification there must be shown (1) the former representation; (2) *a substantial relation between the subject matter of the former representation and the issues in the later lawsuit*; and (3) the later adverse employment.

*Id.* at 627 (citations omitted). We reject the Government's contention that there was not even a remote connection between the offenses and what appellant stated was the motive for the offenses. We believe there was a logical nexus; more important, however, is the risk that the prior relationship of the prosecutor to the accused provided the trial counsel with confidential information. It was the risk of such information that may have impermissibly restricted appellant's decisions on extenuation and mitigation as well as, perhaps, on his pleas. The possibility of prejudice exists since the record does not reveal whether appellant was intimidated into his pleas or into not giving sworn testimony at sentencing because the prosecutor had privileged information "or an intimate knowledge of the facts by reason of a professional relationship with the accused." *United States v. Stringer*, 4 U.S.C.M.A. 494, 502, 16 C.M.R. 68, 76 (1954). Given the possibility of prejudice, appellant is entitled to a new trial with a different trial counsel. *United States v. Collier*, 20 U.S.C.M.A. 261, 43 C.M.R. 101 (1971).

■ The administration of justice within the Armed Forces requires frequent reassignment of judge advocates from one function to another. In enjoying such flexibility, the procedural barriers erected to preclude abuses must be scrupulously observed. JAGMAN § 0142. We reject the contention that appellant waived the error of disqualified trial counsel.

While a due regard for the proper and orderly administration of justice constrains us to emphasize the duty of counsel to make seasonable objection at the trial, it is clear that we may consider error—first urged on appeal—which is alleged to violate due process of law and deny to an accused the substance of a fair trial.

*United States v. Stringer, supra* at 72–3. We note that the staff judge advocate's post-trial review did address this issue and presented substantial comment on why he found the proceedings error free. For reasons noted herein, failure of the trial defense counsel's response made in accordance with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975) is not viewed as a waiver of this issue in accordance with *United States v. Barnes*, 3 M.J. 406 (C.M.A.1977); *United States v. Stringer, supra.*

### III

■ Pursuant to the pretrial agreement, the Government withdrew one Charge and specification alleging appellant escaped from custody on 22 March 1979. In trial counsel's argument on sentencing, he argued that appellant had escaped and that he had done so by jumping through a window. This was error inasmuch as it was argument on facts not in evidence. Paragraph 72*b*, MCM; *United States v. Porter*, 10 U.S.C.M.A. 427, 27 C.M.R. 501 (1959). Notwithstanding the description of appellant's departure, the record *aliunde* shows appellant's turn-about on 22 March 1979 as he pleaded guilty to two unauthorized absences, one terminating, and the other commencing, on that date. Inasmuch as the defense counsel properly objected, the trial was before a military judge without members and the judge commented that such matters were not in evidence, we conclude that the error was harmless since the judge will be presumed to have disregarded improper matter. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970).

The findings and sentence are set aside and a rehearing with a new trial counsel may be ordered. Article 66(d), UCMJ, 10 U.S.C. § 866(d); paragraphs 81 and 92*a*, MCM.

Chief Judge CEDARBURG and Judge SANDERS concur.