**UNITED STATES, Appellee,**

v.

**Private First Class Joseph E. CANATEL-LI, SSN 295–54–2600, United States Army, Appellant.**

**CM 436466.**

U. S. Army Court of Military Review.

Decided 31 July 1978.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Buren R. Shields, III, JAGC, and Captain Grifton E. Carden, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Michael J. Wall, JAGC, were on the pleadings for appellee.

Before CLAUSE, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 by a general court-martial sitting with members of unlawful storing and disposing of explosive material in violation of 18 U.S.C. § 842(h). He was sentenced to a bad-conduct discharge, total forfeiture of all pay and allowances, and confinement at hard labor for two years. He now contends that 1) the evidence shows he was entrapped; 2) the military judge failed to ascertain whether appellant understood his right to have enlisted members and his right to be tried by military judge alone; 3) the evidence shows he was acting under duress; 4) appellant was improperly charged; 5) the judge erred in refusing to grant a mistrial; and, 6) trial counsel was guilty of misconduct.

We shall first dispose of appellant's contention that the military judge did not properly ascertain whether he knew of and understood his trial options. Prior to the commencement of trial the following colloquy took place between the military judge and defense counsel:

MJ: Has the accused been advised of his right to request trial before me as military judge alone?

DC: Yes, Your Honor, he has been so advised.

\* \* \* \* \* \*

MJ: Does the accused desire to submit a request for trial before me as military judge alone?

DC: No, Your Honor, he does not.

MJ: Have you advised the accused of his right to request that the member-

ship of the court include enlisted persons?

DC: Yes, Your Honor, he has been so advised.

MJ: Has he made such a request?

DC: No, Your Honor, he has not.

MJ: Does he desire to do so at this time?

DC: He does not, Your Honor.

Citing *United States v. Care,* 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969) and *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), appellant contends the military judge failed to personally address him and assure himself that appellant voluntarily and knowingly exercised the available options. We do not agree.

■ In *United States v. Jenkins,* 20 U.S.C.M.A. 112, 42 C.M.R. 304 (1970) the Court made it clear that insofar as trial by military judge alone is concerned, no fundamental constitutional rights are involved. The same would also be true regarding the composition of the members. Therefore, appellant's analogy is imperfect. Paragraph 61*g*, Manual for Courts-Martial, United States, 1969 (Revised edition) only requires the military judge to ascertain whether the accused has been advised of his right to request trial by military judge alone. Paragraph 61*h* of the Manual provides that trial counsel will announce whether the accused has made a request in writing for enlisted members. The procedure to be followed by the military judge in ascertaining whether the accused desires to be tried by military judge alone and whether he wishes enlisted members is set forth in Appendix 8*b* (page A8–10) of the Manual. The military judge followed this procedure. Defense counsel stated that appellant had been advised of his rights. In the absence of evidence to the contrary, trial defense counsel is presumed to have discharged adequately his duty under paragraphs 48*e* & *f* of the Manual of advising the accused of his right to be tried by judge alone or with court members. *United States v. Howard,* 2 M.J. 1078 (A.C.M.R. 1976).

Before discussing the remaining assignments of error, a recitation of the facts is in order. On 25 January 1977 Special Agent Roger E. Bowers, employed by the Alcohol, Firearms and Tobacco Division of the U. S. Treasury Department, in response to a telephone call, met with members of the CID at Fort Hood, Texas. He was introduced to an informant, Robert Vise, who had been working for the CID, who told him that appellant was in the possession of some explosives. Agent Bowers went with Vise to appellant's billets where he met with appellant in the back seat of Bowers' automobile. Bowers was posing as an employee of an "operation" in Dallas. Appellant stated that he wanted a silencer. They reached an agreement whereby appellant was to provide Bowers with military explosives which he had in his wall locker. Appellant and Vise went into appellant's billets and returned with six explosive cannisters which were given to Bowers. Bowers turned the explosives over to the CID and appellant was subsequently apprehended.

Appellant did not testify at trial. His defenses of duress and entrapment were brought forth by Robert Vise. He testified that he had known appellant for about four months prior to 25 January 1977. While he was working for the CID as a narcotics informant he found out that appellant knew something about explosives. He had experienced some prior difficulties with appellant so he decided he was going to get back at him. Therefore, according to Vise, he tried to ingratiate himself with appellant and told him about a friend who wanted to buy explosives so that he could provide a "cover" for Bowers. He reported his actions to the CID who were happy that he was going to be able to get Bowers "inside." Vise stated that appellant did not want to provide any explosives to anyone but that he importuned him to do so. Finally, after he told appellant that the people who wanted the explosives were "mafia" and that they would harm him if he didn't provide them, appellant told Vise he would provide the explosives but he wanted to get paid. Vise felt that it was the threat of harm which caused appellant to give the explosives to Bowers. Vise also testified

that Bowers met with appellant about a week prior to 25 January 1977.

Under cross-examination Vise testified that he had a new found religion and that he had stated in the past that with this new religion he cannot deliver any soul on earth up to a court for a decision; that God was the ultimate judge and that he would not testify against any man on this earth. He stated, however, that he would not lie under oath.

In rebuttal, Agents Levit and Alexander of the CID at Fort Hood stated that the first time Vise ever said anything to them about explosives was on 25 January 1977.

■ Appellant contends that the evidence shows that he was entrapped and acted under duress. Assuming, arguendo, that these defenses were available to appellant, they rested solely on the testimony of Vise whose credibility was seriously in issue. The triers of fact chose not to believe Vise and we agree with their conclusion.

■ It is also appellant's position that he was improperly charged under Article 134. 18 U.S.C. § 842(h) provides:

"It shall be unlawful for any person to receive, conceal, transport, ship, store, barter, sell, or dispose of any explosive materials knowing or having reasonable cause to believe that such explosive materials were stolen." *

Since the offense with which he was charged is not a listed offense appellant claims either that it was triable under Article 121 or 108 of the UCMJ, or, under the Code of the District of Columbia. See paragraph 127c, Manual.

Appellant's argument is twofold: 1) military law has preempted prosecution for an offense defined by civilian law and in any event 2) the District of Columbia Code should have been followed since it provided for a lesser punishment.

We are guided by *United States v. Wright*, 5 M.J. 106 (C.M.A.1978). The applicability of the preemption doctrine requires an affirmative answer to two questions, to wit: whether Congress intended to limit prosecution for wrongful conduct within a particular area or field to offenses defined in specific articles of the Code, and, whether the offense charged is composed of a residuum of elements of a specific offense and asserted to be a violation of Article 134. It is clear that we are not dealing here with a situation in which an element of larceny under Article 121, UCMJ, or an element of wrongful appropriation of government property under Article 108, UCMJ, is omitted and the remaining acts made conduct violative of the general article. Nor are we dealing with the addition of an element to a particularized crime under the Code as set forth in *United States v. McCormick*, 12 U.S.C.M.A. 26, 30 C.M.R. 26 (1960).

The offense charged here is a separate and distinct crime directed to the hazards inherent in explosives and is not preempted by Articles 108 or 121, UCMJ.

■ Section 22–3215a(b), District of Columbia Code (1973) states:

"No person shall manufacture, transfer, use, possess, or transport any device, instrument, or object designed to explode or produce uncontaminated combustion, *with the intent that the same may be used unlawfully against any* person or property." (Emphasis added.)

Appellant contends that since the above statute provides for a lesser punishment, he should have been charged under Article 134, UCMJ, with violating it rather than violation of the federal code. We do not agree. As can be seen, the District of Columbia Code requires an element not necessary under the federal code.

■ During the direct examination of Bowers he stated, "I asked Mr. Canatelli that I heard he wanted a silencer for a weapon. Mr. Canatelli said that he did and went on to describe the type of silencer that he wanted and the weapon. . . . ." Thereupon defense counsel objected and the military judge sustained the objection. The defense counsel then asked the military judge to instruct the court members to dis-

---

* The evidence here disclosed that appellant knew the explosives were stolen.

regard the statement at which time the judge responded, "I will instruct the court to disregard his statement about the content of the conversation that he had with Canatelli." Appellant now claims the judge should have *sua sponte* declared a mistrial. We do not agree. What Bowers was trying to explain was that appellant was offering the explosives in exchange for a silencer. We believe the judge erred in sustaining the objection to the testimony. We are unable to ascertain on what theory the trial judge excluded the testimony. It certainly was admissible to show that appellant was not entrapped and had a reason for wanting to dispose of the explosives.

█ Appellant asserts there was no evidence that his storage of the explosives in his locker was unlawful. This argument is without merit. 18 U.S.C. § 842(h) in and of itself makes the storage unlawful.

█ Lastly, appellant claims the trial counsel exceeded the bounds of fair argument in his closing statement to the court members. We first of all note that no objection was made to the argument. In any event, we have examined the argument and find no impropriety.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CLAUSE did not participate.