UNITED STATES, Appellee,

v.

Private (E–2) Mark E. MECKLER, SSN 283–64–6779, United States Army, Appellant.

CM 437437.

U. S. Army Court of Military Review.

20 Dec. 1978.

Major Lawrence D. Galehouse, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Larry C. Schafer, JAGC.

Major David McNeill, Jr., JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Lieutenant Colonel R. R. Boller, JAGC.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Pursuant to his plea entered before a military judge sitting without court members, the appellant was convicted of several heroin-related offenses, the most serious of which was involuntary manslaughter of a fellow soldier to whom he had provided the fatal heroin and the means with which to inject it. The general court-martial members sentenced him to a dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. While approving the sentence otherwise, the convening authority reduced the confinement term to 18 months in accordance with a negotiated plea agreement.

In our review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976), we summarily dispose of two assigned errors, and discuss assigned errors relating to the re-referral of the case from one court to another and to the adequacy of the plea providence inquiry conducted pursuant to *United States v. Care*, 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969).

## ISSUES DISPOSED OF SUMMARILY

■ The appellant was not denied military due process of law because he was sentenced by a court composed of less than six members. *United States v. Montgomery*, 5 M.J. 832 (A.C.M.R.1978). Also, the trial counsel did not err in his argument on the sentence. His passing reference to "the effect the sentence might have on others similarly situated" as being among the fac-

tors to be considered was not such as to violate the precepts of *United States v. Mosely*, 1 M.J. 350 (C.M.A.1976). *Compare United States v. Varacalle*, 4 M.J. 181 (C.M. A.1978), *with United States v. Ludlow*, 5 M.J. 411 (C.M.A.1978).

## RE–REFERRAL OF CHARGES

The staff judge advocate's pretrial advice to the convening authority, rendered pursuant to Article 34, Uniform Code of Military Justice, 10 U.S.C. § 834 (1976), concluded as follows: "I recommend trial by general court-martial. I further recommend that the parties to trial be those indicated in paragraph 9, above, and the inclosure referenced therein." This was a reference to the military judge, counsel, and court members named in the command's Court-Martial Convening Order 49, dated 17 November 1977. The convening authority approved, and the charges were referred to trial before that court by the usual indorsement which was signed "BY COMMAND OF MG FYE FRANK E. MALONEY, CW2, USA Acting Asst AG," followed by Warrant Officer Maloney's signature.

Eighteen days later, with no explanation in the allied papers accompanying the record of trial, the previous indorsement was lined out and a new indorsement referred the charges to trial by the court convened by Court-Martial Convening Order 19, dated 22 June 1978.[1] The new court had the same judge and counsel as the old one, but the members were different. The new referral indorsement read "BY COMMAND OF BG CANNON: FRANK E. MALONEY, CW2, USA Acting Asst AG," followed by Warrant Officer Maloney's signature.

The appellant does not assert that there was any defect in the creation of the court convened by Order Number 19. Rather, he contends that it was not the convening authority's personal decision to withdraw the charges from the court convened by Order Number 49 and refer them instead to the court convened by Order 19. Accordingly,

---

1. Conjecture, but unfortunately it is only that, suggests that the first court, which had existed for seven months, was being routinely replaced by a new court while the appellant's trial happened to be pending.

he says, the court that tried him was without jurisdiction to do so. As support for that proposition, he cites *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978).

*Ryan* does not support the appellant's cause. In the first place, *Ryan* involved a trial at which there was testimony that the warrant officer, rather than the commanding general (convening authority), created the court in the first instance by determining which enlisted members to add to a panel and which officers to excuse. Here, there is no scintilla of evidence that Brigadier General Cannon, whom we shall presume was commanding for the time being, did not personally decide to re-refer the charges to the new court. In the absence of any such evidence, the recital of the command or authority line is presumptively correct. *United States v. Shearer*, 6 M.J. 737 (A.C.M.R. 5 December 1978); *United States v. Saunders*, 6 M.J. 731 (A.C.M.R. 30 November 1978) (en banc).

▪ Secondly, *Ryan* reaffirms the view that, if the convening authority has in fact personally selected the court members, his delegation of authority to determine which of several panels shall try an accused is not a *jurisdictional* error. *United States v. Ryan*, 5 M.J. 97, 100 n.3 (C.M.A.1978), discussing *United States v. Simpson*, 16 U.S.C. M.A. 137, 36 C.M.R. 293 (1966). In that regard, we perceive no distinction between deciding which panel to refer a case to in the first place and a later decision to re-refer the case to a different panel. Accordingly, if there was any error here, it was nonjurisdictional and as we find no prejudice, reversal is not required. *See United States v. Simpson, supra.*

▪ In a related assignment of error, the appellant suggests that the court-martial lacked jurisdiction because the record does not demonstrate affirmatively the reasons for withdrawing the charges from one court and referring them to another.

In *United States v. Hardy*, 4 M.J. 20, 25 (C.M.A.1977), the Court of Military Appeals announced:

. . . [W]e will require, for all trials beginning on or after the effective date of this decision, an affirmative showing on the record of the reason for withdrawal and rereferral of any specification. Only in this way can we assure compliance with the admonition of paragraph 56 *a* of the Manual that '[i]n no event will a specification or case be withdrawn arbitrarily or unfairly to the accused.'

That requirement, the appellant contends, is jurisdictional. We disagree.

We do not perceive that the procedural requirement instituted by the Court of Military Appeals in *Hardy* was intended to be limited only to those cases in which, as in *Hardy*, a superior commander may have interfered with the lawful exercise of discretion by a subordinate. Had the Court intended any such limitation, it easily could have chosen language less broad in promulgating the rule.[2] On the other hand, we do not interpret the rule as rising to jurisdictional stature. *But cf. United States v. Hill*, 3 M.J. 295 (C.M.A.1977). Any error in this case was, therefore, harmless in view of the complete lack of evidence, or even allegation, that the withdrawal was arbitrary or unfair to the appellant in any way.[3]

## SUFFICIENCY OF THE PROVIDENCE INQUIRY

In *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969), the Court of Military Appeals directed that future records of trial—

[M]ust reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge . . . has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for a determination by the military trial

2. I am, therefore, mystified as to why this record does not comply with the *Hardy* prescript.

3. Other panels of this Court, we note, have reached a similar result. *See, e. g., United States v. Shearer*, 6 M.J. 737 (A.C.M.R. 5 December 1978).

judge . . . whether the acts or the omissions of the accused constitute the offense or the offenses to which he is pleading guilty.

In *United States v. Verdi*, 5 M.J. 330 (C.M.A.1978), involving a regulation that prohibited wearing a wig on duty except to conceal natural baldness or physical disfigurement, the Court held that the fact that the accused did not wear his wig for one of the excepted reasons was an element of the offense charged, which the prosecution was required to prove beyond reasonable doubt, and the court members should have been so instructed.

This appellant was charged with violating a regulation that prohibited possessing a hypodermic needle or hypodermic syringe except in the course of official duty or pursuant to a valid prescription. The appellant concedes that the *Care* inquiry established beyond cavil the absence of any facts bringing the appellant within the exceptions for official duty or medical prescription. He asserts, however, that the inquiry was deficient in not depicting those two exceptions as elements of the offense that the prosecution would be required to prove beyond a reasonable doubt (but for his plea of guilty).

■ We believe that the *Care* inquiry did adequately depict the exceptions (rather, their nonapplicability) as elements of the offense. The trial judge said:

I'm going to explain the elements of the offenses to which you propose to plead guilty. And 'by the elements' I mean these are the facts which the government would have to prove by legal and competent evidence beyond a reasonable doubt before you could be convicted of the offenses if you chose to plead not guilty. . . . First, that there was in effect a certain lawful general regulation in the following terms . . . 'Except in the course of official duty or pursuant to valid prescription, personnel will not possess a hypodermic needle, hypodermic syringe, or any other device constructed in such a manner as to permit its use as a means of injecting a liquid substance into

or through the tissues of the body.' . . . The second element is that you had a duty to obey such a regulation; and third, that . . . you . . . violated this lawful general regulation by unlawfully possessing a hypodermic syringe with a hypodermic needle.

The colloquy that ensued included the following:

MJ: And do you agree that that regulation prohibits the possessing of a hypodermic syringe and needle?

ACCUSED: Yes, Your Honor.

MJ: Now the exceptions to that are except in the course of official duty, did you have any official duty such as being a medical that required you to have a hypodermic needle and syringe?

ACCUSED: No, Your Honor.

MJ: The second exception is pursuant to a valid prescription, did you have a prescription to have such a device?

ACCUSED: No, Your Honor.

MJ: You're not a diabetic?

ACCUSED: No, Your Honor.

That the *Care* inquiry might have been even more detailed than it was does not require that we find the plea improvident. *See United States v. Wimberly*, 20 U.S.C. M.A. 50, 52, 42 C.M.R. 242, 244 (1970). The appellant was correctly informed and we find no basis on which he could have concluded that the burden of proving that he came within the regulatory exceptions would be on him.

The findings of guilty and the sentence are affirmed.

Judge TALIAFERRO and Judge WATKINS concur.