UNITED STATES, Appellee,

v.

Specialist Four Michael K. DE LOS SANTOS, SSN 549–02–9974, United States Army, Appellant.

SPCM 13656.

U. S. Army Court of Military Review.

22 March 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Lawrence D. Galehouse, JAGC, and Captain Donald J. Perrault, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major David McNeill, Jr., JAGC, and Captain Paul W. Jacobson, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of two specifications each of sale, transfer, and possession of Lysergic Acid Diethylamide (LSD), and one specification of attempted transfer of amphetamines in violation of Articles 92 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 880. He was sentenced to a bad-conduct discharge, forfeiture of $265.00 pay per month for six months, confinement at hard labor for six months, and reduction to Private E–1. Pursuant to a pretrial agreement the convening authority disapproved the confinement portion of the sentence. He approved the remainder as adjudged.

Two incidents served as the basis for six specifications, each incident being charged as a sale, a transfer, and a possession. The appellant now asserts that the military judge should have forced the prosecution to elect which two of the six specifications it chose to pursue, and that failing that the military judge should have advised the court members that the specifications were multiplicious for sentencing purposes. The appellant raised neither of these matters at the trial.

■ There appears to be no question but that the sale, transfer, and possession specifications in each instance were multiplicious for sentencing purposes. *United States v. Waller*, 3 M.J. 32 (C.M.A.1977); *United States v. Smith*, 1 M.J. 260 (C.M.A.1976). The court members should have been so advised but the failure to do so did not prejudice the appellant where the maximum punishment for any one of the offenses exceeded the limits of the special court-martial and where there was no request for dismissal of the multiplicious specifications or for an instruction on multiplicity. *Cf. United States v. Fall*, 19 U.S.C.M.A. 317, 41 C.M.R. 317 (1970); *United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1960); *United States v. Giordano*, 15 U.S.C.M.A. 163, 35 C.M.R. 135 (1964). Further, any possibility of prejudice was mooted by the action of the convening authority in disapproving the confinement portion of the sentence.

■ A second assignment of error warranting discussion is appellant's contention that the military judge failed to advise him during the providency inquiry of one of the elements of the offense, *viz.*, that appellant did not come within the exception to the regulation prohibiting the sale, transfer, or possession of LSD. We agree with appellant that Paragraph 5–2a.(7)(a), Army Regulation 600–50 as currently written [1] places

1. "(a) Except as authorized by regulations or other competent authority, military personnel will not use, possess, sell, transfer, or introduce into any military unit, base, station, post, ship, or aircraft any dangerous drug. The term 'dangerous drug' means a non-narcotic drug which is habit-forming or has a potential for abuse because of its stimulant, depressant, or hallucinogenic effect as determined by the Attorney General of the United States as defined in 21 U.S.C. 801, *et seq.*, and includes but is not limited to: Amphetamines, . . . lysergic acid diethylamide (LSD), . . . ."

the responsibility upon the prosecution of establishing the fact that an accused does not come within the exception to the regulation, *i. e.*, that the accused's use, possession, etc., of the dangerous drug was not authorized. *United States v. Vuitch*, 402 U.S. 62, 91 S.Ct. 294, 28 L.Ed.2d 601 (1971); *United States v. Verdi*, 5 M.J. 330 (C.M.A. 1978).

■ In a guilty plea case, the prosecution does not normally present evidence to establish beyond a reasonable doubt the facts constituting the elements of the offense. Rather, the military judge makes an inquiry in which he advises the accused, among other things, of those elements. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Meckler*, 6 M.J. 779 (A.C.M.R.1978). It is not necessary in that inquiry that the judge delineate the elements separately so long as his advice to and questioning of the accused makes it clear what those elements are. *United States v. Kilgore*, 21 U.S.C.M.A. 35, 44 C.M.R. 89 (1971); *United States v. Meckler, supra*. In the instant inquiry the judge included with his discussion of the elements questions concerning the appellant's authority to possess the drugs. We are convinced that appellant knew that in a not guilty plea the prosecution would have to establish that he was not authorized to possess, sell, or transfer the drugs. This complies with *Care* and *Verdi*.[2] *United States v. Kilgore, supra; United States v. Meckler, supra*.

The final error to be discussed concerns the military judge's initial statement to the court members when they were sworn and the court assembled for the sentencing phase of the trial.[3] The military judge told the members:

MJ: The court is assembled. Gentlemen, you are reminded that the preliminary instruction that I gave you yesterday in regard to the duties of the various parties, the procedure concerning challenges, and the procedure involving deliberating and voting, are still in effect today. Does either side wish to conduct a voir dire?

■ The judge's incorporation of preliminary instructions by reference when given at the commencement of the trial on the merits has been condemned by the United States Court of Military Appeals. *United States v. Waggoner*, 6 M.J. 77 (C.M.A. 1978). We think such incorporation is equally erroneous when given to the members who are first brought into the case for sentencing purposes. The error, however, would not affect the findings. The question is one of prejudice on the sentence. A presumption of prejudice arises but that presumption can be rebutted. *United States v. Waggoner, supra*. We think this record clearly establishes the absence of any prejudice to the appellant resulting from the reference to the preliminary instructions given previously. The court members were in fact instructed fully on their sentencing duties and that portion of the trial was conducted properly by the military judge. The rights of the accused were carefully protected.

The other assigned errors have been considered but they warrant no comment or corrective action. The findings of guilty and the sentence are affirmed.

Judge DeFORD concurs.

Judge LEWIS absent.

---

2. We note that the military judge did not read or quote to appellant the express language of the regulation violated. Although his advice and questions effectively advised him of the contents of the regulation, better practice dictates that the judge specifically quote or read the language to the accused.

3. The pleas were entered and the findings made in an Article 39(a) session before the military judge alone.