**UNITED STATES, Appellee,**

v.

**Private First Class (E–3) Carlo M. GUILFORD, SSN 551–51–9207, United States Army, Appellant.**

**CM 438138.**

U. S. Army Court of Military Review.

30 Oct. 1979.

Captain Peter A. Nolan, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Benjamin A. Sims, JAGC, and Major Grifton E. Carden, JAGC.

Captain William J. Douglas, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

A general court-martial convicted appellant of rape and sentenced him to a dishonorable discharge and confinement at hard labor for five years, as well as reduction to the grade of Private E–1 and forfeiture of all pay and allowances. The convening authority approved the sentence.[1]

Four questions are presented for our review. The first three, relating to (a) sufficiency of the evidence, (b) understanding of the right to include enlisted members on the court-martial, and (c) denial of defense-requested continuance, do not warrant ex-

1. Article 120(a) of the Uniform Code of Military Justice, 10 U.S.C. § 920(a) (1976), defines rape as sexual intercourse, by any person subject to the Code, "with a female not his wife, by force and without her consent." Article 120(c) of the Code, 10 U.S.C. § 920(c) (1976), provides that "penetration, however slight, is sufficient to complete" the offense. The maximum penalty is death. Any sentence which, as approved by an Army convening authority, includes a punitive discharge or confinement for one year or more requires review by this Court. Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b) (1976).

tended discussion. The remaining question, pertaining to military due process in terms of the size and unanimity of courts-martial, requires fuller explication.

## QUESTIONS ANSWERED SUMMARILY

■ A. *Sufficiency of evidence that the offense was committed.* The appellant and his victim were acquainted. She worked in the same noncommissioned officers' club as the appellant's girlfriend, who was sharing his apartment. The appellant did not testify; however, his defense was that the complainant impliedly consented to his advances and that in any event no intercourse occurred because there was no penetration. His contentions on appeal are that there was insufficient evidence of penetration and no proof that the complainant was not his wife.

The record contains ample direct and circumstantial evidence from which the triers of fact could conclude beyond a reasonable doubt that penetration occurred. Although there was no testimony that appellant and the victim were not husband and wife, the record similarly contains sufficient circumstantial evidence to support the finding that they were not. As were the court members, we too are convinced beyond a reasonable doubt of the factual existence of each element of the offense. See Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) (1976).

■ B. *Adequacy of evidence that appellant understood his right to include enlisted members on the court.* Appellant did not request that the court-martial include enlisted members. With the appellant present, the military judge asked the defense counsel whether he had advised appellant "of his right to have enlisted members on the panel." Counsel replied that he had done so. (The possibility of including enlisted members on the court was mentioned twice more during argument on appellant's motion for a continuance to ascertain information about newly detailed court members.) We know that the question of what

is a sufficient showing that an accused understands this right is pending before the Court of Military Appeals. *United States v. Lawrence,* 6 M.J. 293 (C.M.A.1979) (order granting petition for review). Contrary to appellant's assertion that the military judge was required to question him directly or to explain his rights in detail, we believe, that the law is correctly stated in *United States v. Canatelli,* 5 M.J. 838, 839–40 (A.C.M.R. 1978); *cf. United States v. Stegall,* 6 M.J. 176 (C.M.A.1979) (request for trial by judge alone understandingly made although judge did not explain that court could include enlisted members); see Manual for Courts-Martial, United States, 1969 (Revised edition), pars. 48*f*, 53*h* ; *compare ibid.,* par. 61*f* (2) *with* pars. 61*g and* 61*h.*

■ C. *Whether the military judge abused his discretion by denying requested continuance.* On 9 January 1979, the date on which appellant's trial commenced with an Article 39(a) session,[2] orders permanently relieved all eight members of the court and detailed ten other commissioned officers in their place. This was done to carry out a new command policy of rotating court membership quarterly. Appellant moved for a continuance so that he might determine whether command influence underlay the change and also to obtain and review official personnel records of the new court members.

The military judge ruled that the change in membership amounted to a re-referral of the charges to a new court, but had not been done for an improper reason. *See United States v. Hardy,* 4 M.J. 20, 25 (C.M. A.1977). Finding that defense counsel already had significant information concerning the members by reason of having received certain forms from their personnel records, and noting that the voir dire could be used to elicit further information, the military judge denied the request for continuance. In light of the circumstances and his reasons, we hold that the judge's discretion was properly exercised, not abused.

_____
**2.** Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a) (1976).

## BALLEW, BURCH, AND MILITARY DUE PROCESS

Appellant's final assignment of error is stated as follows:

THE APPELLANT WAS DENIED HIS RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES TO A TRIAL BY AN IMPARTIAL JURY AND DUE PROCESS OF LAW, IN THAT THE COURT–MARTIAL WHICH CONVICTED HIM CONSISTED OF ONLY SEVEN MEMBERS, AND ONLY FIVE OF THOSE MEMBERS WERE REQUIRED TO CONCUR IN THE FINDINGS OF GUILTY.[3]

In *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), the Supreme Court held that trial to a jury of less than six persons deprives a defendant of the right to trial by a jury as contemplated by the Sixth Amendment. The decision is based on empirical studies showing that "the purpose and functioning of the jury in a criminal trial is seriously impaired, and to a constitutional degree, by a reduction in size to below six members." *Id.* at 239, 98 S.Ct. at 1038. Subsequently, in *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), the Court held that conviction by a nonunanimous six-member jury also fails to comply with the Sixth Amendment, saying—

[M]uch the same reasons that led us in *Ballew* to decide that use of a five-member jury threatened the fairness of the proceeding and the proper role of the jury, lead us to conclude now that conviction for a nonpetty offense by only five

members of a six-person jury presents a similar threat to preservation of the substance of the jury trial guarantee and justifies our requiring verdicts rendered by six-person juries to be unanimous. *Id.* 99 S.Ct. at 1628.

The decisions in *Ballew* and *Burch*, although urged upon us by the appellant, do not apply to his case. *Ballew* does not apply because the court-martial to which appellant's case was tried consisted of more than six members (viz., seven). *Burch* does not govern because the Court expressly eschewed any intimation of its views as to the constitutionality of nonunanimous verdicts rendered by juries of more than six members. 99 S.Ct. at 1628 n.11. We need not rest our decision wholly on such arithmetical observations, however. Courts-martial have proved constitutionally acceptable for the trial of members of the armed forces and data indicating that jurors supposed to represent a cross-section of a local civilian community do not adequately perform their function under certain conditions cannot be taken to mean that the purpose and function of courts-martial are similarly impaired.

■ By clear implication of the Fifth and Sixth Amendments, the right to a trial by jury as contemplated in the Sixth Amendment does not apply to military trials of members of the armed forces in active service. See *United States v. Ezell*, 6 M.J. 307, 327 n.4 (C.M.A.1979) (Fletcher, C. J., concurring). Appellant recognizes that *Ballew* has, accordingly, uniformly been held inapplicable to military trials.[4] The later-decid-

---

3. Of the ten officers detailed to the court-martial, three were excused from appellant's trial. None of the remaining seven was challenged. Since concurrence of only two-thirds of the members was required to convict, it is possible that only five members concurred in the findings of guilty. Article 52(a)(2), Uniform Code of Military Justice, 10 U.S.C. § 852(a)(2) (1976). In view of the importance and nature of the issue, we elect not to consider the possible consequences to appellant of not having raised the issue at the trial. *Cf. United States v. Crawford*, 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964); see also *United States v. Jackson*, 3

M.J. 101, 103–04 (C.M.A.1977) (Cook, J., dissenting).

4. *See, e. g., United States v. Corl*, 6 M.J. 914 (N.C.M.R.1979), *certified for review*, 6 M.J. 304 (C.M.A.1979) (other grounds), *pet. filed*, 7 M.J. 254 (C.M.A.1979); *United States v. Meckler*, 6 M.J. 779, 780 (A.C.M.R.1978), *pet. denied*, 7 M.J. 41 (C.M.A.1979); *United States v. Wolff*, 5 M.J. 923, 924–25 (N.C.M.R.1978), *pet. denied*, 6 M.J. 305 (C.M.A.1979); *United States v. Montgomery*, 5 M.J. 832, 834 (A.C.M.R.1978), *pet. denied*, 6 M.J. 89 (C.M.A.1978). Besides denying review of the cases indicated, the Court of Military Appeals, after granting review of the

ed *Burch* rests squarely on *Ballew* and is likewise inapplicable.

 Appellant contends, however, that the underlying reasoning of *Ballew* and *Burch* implicates military trials because Article 16 of the Uniform Code of Military Justice, 10 U.S.C. § 816 establishes a right to jury trial, which the due process clause of the Fifth Amendment also requires be fair and impartial.[5]

It cannot be gainsaid that the military trial must be fair and impartial. *See, e. g., United States v. Lamela, supra,* 7 M.J. at 278; *United States v. Cleveland,* 6 M.J. 939, 942 (A.C.M.R.1979). The trial is, however, by a unique, military tribunal that is essentially different from the jury envisioned by the Sixth Amendment. The composition of courts-martial is different, as the members are drawn exclusively from the accused's own profession based on specified qualifications (one of which is judicial temperament), with specialized knowledge of the profession, and subject to only one challenge other than for cause.[6] Their functioning differs, too. For example, it includes the questioning of witnesses and the determining of sentences. In view of such compositional and functional differences, the studies relied upon in *Ballew* and *Burch* are inapposite. *United States v. Wolff, supra,* 5 M.J. at 925. The differences between the institution of courts-martial and the institution known as a jury have been recognized as necessary as well as constitutional. *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). When the use of courts-martial has impinged on constitutional rights, the remedy has been to limit the exercise of their jurisdiction rather than to alter the nature of the tribunal, for courts-martial are not fundamentally unfair. *Gosa v. Mayden,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LEWIS concur.

---

issue in *United States v. Lamela,* 6 M.J. 11 (C.M.A.1978) (Issue VIII), vacated the grant at 6 M.J. 32 (C.M.A.1978). See *United States v. Lamela,* 7 M.J. 277 (C.M.A.1979).

5. Counsel's views also are well-expressed in Nolan, *Ballew and Burch—Round Two,* 11 The Advocate 117 (1979).

6. *Compare United States v. Crawford, supra* note 3, *with United States v. Yager,* 7 M.J. 171 (C.M.A.1979).